Gibson, J.
delivered the opinion of the Court.
This is a plain case. The plaintiffs, trading under the firm of Gill, Ccinonge if Co., enter into articles with Peter Kuhn, an auctioneer, in which the parties agree to follow their several occupations in concert, in the same establishment, but without any co-partnership, which it is expressly agreed shall not exist. The plaintiffs are to furnish 10,000 dollars, free of interest, for the purpose of making advances on goods deposited for sale, and also whatever additional ■ sum may be necessary to carry on the business, but for all above the 10,000 dollars they are to be allowed interest. The produce of the money advanced on goods,is to be for the benefit of the concern ; where the plaintiffs, at their separate risk, guarantee payment for goods sold, the compensation is to be for their separate benefit. The direction of the funds is to be exclusively confided to the plaintiffs, who take upon themselves all risk as to reimbursement of advances and the solidity of purchasers, Kuhn being free from all responsibility. The nett profits are to be shared in the proportion of three-fifths to the plaintiffs and two-fifths to Peter Kuhn, or Peter and George K. Kuhn, (the defendant), in case the latter should be taken into partnership by his father, under an authority purposely reserved in the articles. The defendant was, in fact, so taken into partnership ; and the question is, whether these parties are to be taken to have been partners as between themselves, notwithstanding their express agreement to the contrary. To third persons, they would undoubtedly be held responsible as partners from the' circumstance of their carrying on a joint business, and all participating in its profits ; but their relation towards each other, depends on other and very different considerations. That there is a distinction between partnership as respects the public, and partnership as respects the parties, is an elementary principle of this branch of the law, so plain that its only difficulty is in its application to particular cases. Where the agreement is silent, there is often room to doubt as to the precise relation in which the parties stand to each other, and *338 then a joint interest in the stock is considered a discriminatj vR circumstance but where they explicitly declare there is to be no partnership, it is, unnecessary to inquire further; for among themselves the law permits them to determine their respective interests by their own stipulations : it is a maijter with which third persons have no concern. Here, however, there was not even a joint interest in the stock ; for the plaintiffs were to furnish the whole capital; and the interest of the defendant and his father was to be confined to the profits. There is, therefore, no single feature of partnership in the case. But if there were, what could be the policy of a rule which would control their agreement and make them partners against their will ? The contracts of men are laws prescribed by themselves to. govern their transactions with each other, which, as long as they 'interfere not with morality, or the interests of third persons, are of conclusive obligation on the immediate parties to them. Hence the invoices, bills of sale, circular letter, and receipt book, given in evidence to prove that a joint business had been carried on, which would have a decisive influence on a question of liability to third persons, must be laid out of the case here ; the exact position of the parties in relation to each other, must be determined by their agreement. There was no evidence of what it is contended subsequently took place, a parol agreement, sufficient, if believed, to constitute a partnership in every sense-of the word. DucomVs proved nothing like it; and the evidence of Peter Kuhn that the books were kept in the name of the firm, is so entirely consonant to the scope of the articles, that it would have been very extraordinary if they had been kept in any other way.
This decision of the general question makes an end of all the subordinate questions. Assumpsit is the proper form of action.- If the original parties to the articles had been partners as between each other, and the defendant were considered as standing in the relation of a third person by reason of his having come in under a sub-contract (in which case assumpsit would still be the proper action) the non-joinder of Peter Kuhn as a plaintiff, might, as he could not well be viewed as a dormant partner, have been fatal; but, on the ease shewn, the plaintiffs would have been very seriously embarrassed by a plea in abatement that he was not joined as a defendant, if, however, there had been a partnership inter se, *339 the plaintiffs could not, as they contend they could, have recovered as. for the balance of an account stated. The defendant’s account copied from-the ledger, and almost all of it by himself, even if he had acknowledged the justness of each entry, as well as the justness of the balance struck, was not, (independent of his having made those acknowledgments coupled with an assertion that his father was also liable) evidence to charge him on the count for an bisimul computassent;.because the parties had not computed together, and the striking of the balance was not the act of both parties.
Judgment reversed, and a venire facias de novo awarded.