# CHISHOLM *vs.* COWLES.

[ACTION ON COMMON COUNTS.]

1. *Partnership; as between the parties, and as to third persons.*—A partnership, as to third persons, will be considered to exist, when as between the parties themselves, no partnership will be implied.

2. *Same ; proof of.*—On the question, whether the parties are partners, *inter se*, the interest of no third persons being involved, stronger proof is required to establish the partnership, than when the question arises, as between the alleged partners and third persons.

3. *Same.*—A partnership as to third persons, may arise by mere operation of law, against the parties' intention, but as between the parties themselves, it only exists when such is their actual intention. A mere participation of profits, will not make the parties partners *inter se*, unless such is their intention.

4. *Same; question of law.*—Whether a partnership exists between two or more persons, is a question of law, after the facts have been ascertained.

APPEAL from the City Court of Montgomery.
Tried before the Hon. T. M. ARRINGTON.

THIS action was brought by the appellant against the appellee, and was commenced on the 13th April, 1866. The complaint contained three counts ; for money had and received, money loaned, and an account stated. On account of the charge of the court, the plaintiff was compelled to take a non-suit. That charge was as follows : "That if the plaintiff had any interest in the said forty-three bales of cotton bought of Norwood, as shown in the evidence, or in the proceeds thereof, his, plaintiff's interest, was that of a partner of defendant, and he could not recover in a court of law." The evidence on the question, whether the plaintiff and defendant were partners as far as is necessary to a correct understanding of the case, is set forth in the opinion of the court. The plaintiff appealed to this court to have the non-suit set aside, and assigned as error the charge of the court.

RICE, SEMPLE & GOLDTHWAITE, for appellant.
WATTS & TROY, contra.

JUDGE, J.—It is a principle which has been frequently recognized and acted upon by the courts, that as between persons concerned in a joint transaction, or series of transactions, a partnership *as to third persons*, may be considered by the law to subsist, when, *as between parties themselves*, no partnership will be implied.— *Waugh v. Carver*, 2 H. Bl. 235 ; *Hesketh v. Blanchard*, 4 East, 143 ; *Bond v. Pittard*, 3 Mees. & Welsb. 357 ; *Gill v. Kohn*, 6 Serg. & Rawle, 338 ; *Bailey v. Clark*, 6 Pick. 374.

This doctrine, it has been said, is founded on a principle of justice to the community ; for, as was declared by the Lord Chief-Justice, in *Waugh v. Carver*, *supra*, "He who takes a moiety of all the profits indefinitely, shall, by operation of law, be liable to losses, if losses arise ; upon the principle that, by taking a part of the profits, he takes from the creditors a part of that fund which is the proper security to them for the payment of their debts."—See, also, *Grace v. Smith*, 2 Black. 998.

The question in the present case is, whether the parties were partners *inter se*, the interests of no third persons being involved. In such case, it has been held, stronger proof is required to establish the partnership, than when the question arises as between the alleged partners and their persons. —*Robinson v. Green*, 5 Harring. (Del.) 115.

It was said by HUSTON, J., in the case of *Heckert v. Fegely*, 6 Watts & Serg. 139, "that it was at present the disposition of courts to look less to general rules, and more to particular circumstances, for the purpose of ascertaining the intention and relative position of the parties to commercial contracts, and the construction to be put upon their actions ; and it was declared that the rule, that all who shared in the profits of a business are to be regarded as partners, is now subject to many exceptions." —1 Smith's L. C. 731, note by Mr. Hare. This observation is especially correct, when applicable to a case where the question is presented, of partnership as between the parties themselves.

In the case of *Hazard v. Hazard*, 1 Story, 371, it was held, that "although a partnership as to third persons may arise by mere operation of law against the parties' intention, yet, as between the parties themselves, it only exists when such is the actual intention; and that, of course, a mere participation of profits will not make the parties partners *inter se*, unless such is their intention."

Without considering in detail all the evidence in the present case, bearing upon the question, we state the following as facts appearing upon the record :

1. The evidence does not show that there was an agreement between the parties to enter into partnership, as to the transactions involved.

2. On the trial, the appellant, Chisholm, stated under oath, as a witness, that he never was a partner with the appellee, Cowles, in any purchase of cotton, or other thing, but was merely a joint owner with Cowles in the cotton jointly purchased by them.

3. The appellee, Cowles, made a statement in writing, which was received on the trial, as evidence under oath, in which he made no assertion of a partnership, but in effect denied it, as he had done before, by declaring that the appellant had owned no interest with him in the particular lot of cotton, the proceeds of which were in controversy.

4. The joint purchases of cotton were not on speculation, or for profit on re-sale ; but they were made as a means of investment of Confederate money. Such being the primary object, the cotton was to be held until the close of the then pending war.

5. On each purchase, each party paid in full his proportion of the purchase-money.

6. Each of the parties, about the time of the transactions, respectively purchased other lots of cotton on his own individual account, neither one having any interest in such purchases of the other.

Under these and other circumstances disclosed by the evidence, we can not hold that the law will *imply a partnership* as between the parties. Such an implication would, as we conceive, be doing violence to the intention of the

parties, and one, if not both, denying under oath that such a partnership ever existed ; and the only claim that such a relation ever existed between them, being by the counsel of one of the parties who insists upon it, as a conclusion of law from the facts, without regard to what the parties may have intended.

We agree that a partnership may exist in a single, as well as in a series of transactions ; that if there is a joint purchase, with a view to a joint sale, and a communion of profit and loss, that this will, generally, constitute a partnership; and that whether a partnership exists between two or more persons, is a question of law, after the facts have been ascertained. But the conclusion attained by us, upon the evidence in the present case, does not militate against these general propositions.

The charge of the court below being in conflict with our view of the law, is erroneous. We do not deem it necessary critically to examine the charge, to see if it be, as is contended, in other respects objectionable.

Judgment of non-suit set aside, and cause remanded.