WILLIAM L. GATEWOOD, Plaintiff in Error, *v.* WILLIAM BOLTON, Defendant in Error.

1. *Partnership, what constitutes — Equity — Judgment affirmed.*—A. brought an action in equity against B. to wind up an alleged partnership. There was no written agreement between them. A. testified that they were partners, and B. denied it. Nothing was paid by A. It was known for two years to A. that B. denied the partnership right claimed by him, but he nevertheless allowed the whole matter to sleep until B. had left the State. It was shown that the parties were operating together in some way as to the subject-matter of the alleged partnership; that B. rendered some service in the matter, and A. offered to make compensation for it. *Held,* that in such a case the burden of proving the partnership was on the plaintiff, and the evidence recited was not sufficient to establish it.

*Error to Sixth District Court.*

*Reese, Allen & Reese,* for plaintiff in error.

*Henderson & Dyer,* for defendant in error.

Gatewood v. Bolton.

CURRIER, Judge, delivered the opinion of the court.

The issue in this cause tried in the Circuit Court was whether, in the month of February or March, 1862, the plaintiff and defendant "entered into a copartnership for the purpose of bidding for and carrying the mails of the United States, according to the laws of Congress and the regulations of the Post Office Department." This is averred in the petition and denied by the answer. But it is neither averred nor proved that the parties ever, in fact, engaged in the business of carrying the mails; and the plaintiff's evidence negatives the allegation that a partnership was formed or agreed on between him and the defendant for that purpose. The alleged object and purpose of the supposed partnership is thoroughly disproved by the plaintiff himself. It appears from his testimony that a partnership was agreed on between him and the defendant, not for the purpose of carrying the mails, but for the purpose of dealing in mail contracts, which is quite another thing. He testifies that he and the defendant made an arrangement to bid for contracts together, with a view to sub-letting them to other parties, so as to make a profit by the transaction. He says "all the (mail) routes were to be sub-let to other parties, and the profit would be the difference between our bids and the prices at which we were to let them to other parties." The anticipated profits of the business, therefore, were not looked for as the result of the execution of mail contracts, but from sub-letting them — a sort of speculation.

Whether the parties became partners in the speculation is the point contested. The plaintiff testifies that they did, and the defendant denies it; and they were the only persons having any actual knowledge of the matter. The arrangement, whatever it was, was oral, private, and known only to themselves. Nothing was paid by the plaintiff, and nothing was reduced to writing. It was known to the plaintiff that prior to July, 1862, the defendant recognized none of the partnership rights now claimed by him. He nevertheless allowed the whole matter to sleep for two years and more, and until the defendant had left the State, when this suit was commenced by attachment. In this state of the

proof — and the *onus* is upon the plaintiff — it cannot be considered that the alleged partnership is shown to have had any existence.

There were but two other witnesses, Reynolds and Mosely. Their testimony tends to show that the parties were in some way operating together on the subject of mail contracts, but in what relation, whether as partners or not, they do not say. That the defendant rendered service in the shaping of bids — and that seems to have been about the extent of his employment — is not a matter in dispute. The plaintiff recognized that service and offered to make compensation for it. But that proves nothing as to the fact of the supposed partnership; least of all, that the parties were partners in prosecuting the business of transporting the mails ; and that is what the petition avers.

The judge of the Circuit Court, sitting not as a jury, but as a chancellor, found against the plaintiff. Its judgment was affirmed in the District Court, and I am not prepared to say that the judgment ought to be disturbed.

This is a proceeding in equity to wind up an alleged partnership and apportion the profits. It is not necessary, therefore, to consider the instructions. They settle nothing.

Upon the whole, I am inclined to think the judgment should be affirmed. The other judges concur.