[Pulliam v. Schimpf.]

# Pulliam *v.* Schimpf.

*Action for Breach of Partnership Agreement.*

1. *Partnership—what constitutes.*—An agreement by which the defendant was to furnish a house in which a shooting gallery was to be carried on, and the plaintiff was to arrange and fit up the house so as to adapt it to the uses of that business, to supply the necessary implements for carrying on the business and to personally conduct the same, the net profits to be equally divided between them, and the business to continue so long as it was profitable or paid expenses. is not such a contract as to constitute a partnership *inter sese* since it shows no community of risks.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. JAMES T. JONES.

The plaintiff sued the defendant for the breach of an alleged agreement the terms of which are set out in the complaint, in substance, as follows: That on or about February 24th, 1892, the plaintiff and the defendant entered into an agreement to establish and conduct a shooting gallery in a certain building on Royal street in the city of Mobile, which building was to be furnished by the defendant for that purpose. The plaintiff was to personally manage and conduct the business, to fit up the room in a manner suitable for a shooting gallery and to furnish the rifles and targets and other necessary implements; the net profits arising from the business were to be divided equally between the plaintiff and the defendant, and the business was to continue until about the first of April.

At the expiration of that time it was agreed between the parties that the business should continue so long as it paid expenses. It is further averred in the complaint that the plaintiff fully performed his part of said agreement, but that the defendant on or about the 15th of May, refused to continue said business, took possession of said building in which the business was conducted, and would not permit plaintiff to enter or remain in the building or conduct said business. That at the time this was done the business was yielding a profit of $60.00 per month to each of the parties; that by the wrongful action of the defendant in excluding plaintiff from the building and in discontinuing the business the plaintiff was damaged in the sum of $500.00.

The complaint contains two counts varying only in phra-

VOL. C.

[Pulliam v. Schimpf.]

seology as to the manner in which the defendant interfered with and discontinued the business.—The defendant demurred to the complaint, and each count thereof, assigning as grounds of demurrer the following: 1. Because it is shown by said counts that the plaintiff and defendant were partners under an agreement for an indefinite period or time and this defendant says that in law he had a right to dissolve said co-partnership at his own will and pleasure without liability to plaintiff for any damage he might sustain thereby. 2. Because if plaintiff apprehended loss or damage to himself from a dissolution of the co-partnership his remedy was to enjoin and restrain defendant from dissolving the co-partnership. 3. Because the complaint shows that the building in which the said co-partnership business was carried on was the property of the defendant and defendant says that upon the dissolution of said co-partnership he had a right to resume the exclusive possession of said building.

The court sustained the first and third grounds of demurrer and overruled the second. The plaintiff declining to amend, or to proceed further, judgment was rendered for the defendant, from which judgment the appeal in this case is taken.

PILLANS, TORREY & HANAW, for the appellant.— The case made by the complaint does not necessarily show a partnership. *Nelms v. McGraw*, 93 Ala. 245; *Robinson v. Bullock*, 58 Ala. 618; *Mayrant & Co. v. Marston & Co.* 67 Ala. 453. While it is a general rule that an action *ex contractu* is not maintainable at law between partners involving a consideration and settlement of partnership accounts and affairs, yet there are many illustrations of suit at law maintained between partners upon matters connected with the partnership, but distinct from and not involving a settlement of partnership affairs. Vol. 17 Am. & Eng. Ency, pp. 1262 to 1266 inclusive, and text and citations on page 1264, *et seq.* *McGraw v. Dole*, 63 Mich. 1. *Kerrigan v. Kelly*, 17 Mo. 275. An action at law will lie for premature dissolution of firm, or for exclusion from the business. Ency Vol. 17, page 1264. 2nd Bates Part. sec. 873. *Dart v. Laimbeer*, 107 N. Y. 664.

FAITH & ERVIN, for the appellee.—1. "A partnership at will may be dissolved at any time by the withdrawal of any partner, whenever he so elects, *without incurring any liability to his copartners for such withdrawal.*"—17 Amer. & Eng. Encyp. of

Law, pp. 1095, 1096, and authorities there cited. The complaint shows that the building in which the partnership business was to be carried on was the separate individual property of the appellee, and it was not leased or appropriated to the use of the firm for any further time than the duration of the copartnership. "The limit of the term of the appropriation is, of necessity, (no other being expressed,) the existence of the partnership, and the application to its use of the thing appropriated. When the partnership ceases, the right to the use ceases with it." "A lease to a partnership, during its existence is terminated by its dissolution, and the lessor may re-enter." · · · · "And where one partner let to the partnership a house for the carrying on of the business of the firm, on the dissolution of the partnership the lease terminates."—*Rapier v. Gulf City Paper Co.*, 64 Ala. 330; *Union Pacific R. R. Co. v. Kennedy*, 20 Pacific R., 696. Even if the contract did not create a partnership *inter sese*, there being no fixed time for its duration it is determinable at the will of either party.—*Coffin v. Landis*, 46 Pa. St. 426.

McCLELLAN, J.—As we interpret the facts laid in the complaint, they do not constitute a partnership between the plaintiff and the defendant. The latter was to furnish a house in which the business of a shooting gallery was to be carried on, and the former was to arrange and fit up the house so as to adapt it to the uses of that business, to supply the necessary implements, as rifles, targets and the like, for carrying on the business, and to personally conduct the business. The net profits were to be equally divided between them, and the business was to continue so long as it was profitable or paid expenses. There was, on these facts, a community of profits—a mutual right to share equally in the net profits—but no community of risks; the defendant was not to bear any of the losses which might be incurred in the business; and the portion of net profits going to the defendant was purely a compensation to him for the use of his house—the rent of the building in which the business was carried on. This we find to be the intent and meaning of the contract, and the authorities are agreed that such a contract is not one of partnership *inter sese.—Fail et al. v. McRee*, 36 Ala. 61; *Robinson v. Bullock*, 58 Ala. 618; *Mayrant & Co. v. Marston, Brown & Co.*, 67 Ala. 453; *Humes v. O'Bryan & Washington*, 74 Ala. 64; *Nelms v. McGraw*, 93 Ala. 245.

The demurrers to the complaint, proceeding on the theory

that the facts alleged showed that the parties were partners, should have been overruled.

Reversed and remanded.