# Stafford v. Sibley.

*Action of Assumpsit for Work and Labor Done.*

1. *Action of assumpsit; right to maintain action on common counts for work performed under contract.*—Where an action is brought to recover damages for the breach of a special contract, the plaintiff should count upon the contract and aver the breach; but where a contract of employment has been fully performed by the employé, and nothing remains to be done under the contract but the payment of the stipulated salary, he can maintain an action upon the common counts against his employer, and introduce the contract as evidence of the value of his services or of the amount due.

2. *Evidence; when properly excluded.*—Where in the exercise of a sound discretion, the court, after the evidence has been closed and the parties have gone to the jury, permits one of the parties to the suit to introduce additional evidence on condition the other party is to be allowed to explain certain parts of such evidence, and after the introduction of the additional evidence the party offering it objects to the explanation, the court does not err in excluding the evidence so offered from the jury.

3. *Partnership; when not shown to exist.*—A contract between two parties, by the terms of which one of them is to share alone in the profits, without being bound to bear the burden of the losses, of a business does not create a partnership between the parties.

4. *Same; same.*—Where the owner of a business submits a proposition to another party to employ him "in my business" and to pay him a stipulated salary, "and in addition thereto a sum of money equal to forty per cent. of the net amount which may be realized and collected" from certain sources of the revenue of the business, and "you, as my employé, not to be liable for any losses, (beyond your profits as stipulated)," and this proposition is accepted, there is established between the two parties the relation of employer and employé, and not that of a partnership; and under such a contract the employé is not liable for any of the losses of the business, except so far as they affect the percentage of the net profits to be paid him as stipulated.

APPEAL from the City Court of Mobile.

Tried before the Hon. O. J. SEMMES.

The appellant, E. L. Stafford, sued the appellee, Origen Sibley, for an amount due "for work and labor done by the plaintiff for the defendant on and before, to-wit, the 24th day of October, 1892, at his request."

[Stafford v. Sibley.]

The defendant demurred to the complaint, on the ground that it does not show a cause of action, since it does not allege whether the request for the work and labor done was made by the defendant verbally or in writing, and "while purporting to set out the contract between the parties, fails to show such a contract." This demurrer was overruled. Issue was joined upon the pleas of the general issue and payment.

Upon the trial of the cause, the plaintiff introduced in evidence the following instrument in writing, which constituted the contract under which the work and labor, alleged to have been performed by the plaintiff, was done: "Mobile, Ala., Oct. 24, 1892. B. L. Stafford, Esq., Mobile, Ala., Dear Sir: I hereby make you the following proposition for employment: For and in consideration of services rendered and to be rendered by you as timber inspector, and in consideration of all your time, services and influence in my business of timber and log broker, which business will require the investment of considerable capital (twenty-five hundred dollars) on my part, for advances on timber and logs, and the further expenditure of much time and labor on my part, I agree to pay you a stipulated salary of one dollar per month, and in addition thereto a sum of money equal to forty per cent. (40%) of the net amount which may be realized and collected from inspection charges, interest on money advanced and commissions on same; you, as my employee, not to be liable for any losses (beyond your profits as stipulated). All contracts are to be made in the name of Origen Sibley, all advances and drafts are to be made on me, and all moneys paid to me. This proposition is to continue for one year from the date hereof. Yours very respectfully, Origen Sibley. Witness Geo. A. Jones." "I accept your proposition as per the foregoing letter. B. L. Stafford. Witness Geo. A. Jones." Upon which contract, at its bottom, was written the following: "I hereby agree to release O. Sibley from the foregoing contract dated Oct. 24, 1892, I reserving the same privilege, at any time he may see fit. B. L. Stafford. Mobile, May 9, 1893."

The court construed the written contract to be a contract for an amount payable monthly; and to mean "that the plaintiff should share in the losses of the business to the extent that if one month there was a profit and the

next month a loss, the plaintiff's profits would be applied to the losses of the business during the losing month;" and further, that said written contract created a partnership between the plaintiff and defendant, in which the plaintiff paid in his services against the defendant's money. To these rulings of the court the defendant duly excepted. The other facts of the case are sufficiently stated in the opinion.

D. B. Cobbs, for appellant.—The contract involved in this controversy did not create the relation of partnership, but that of employer and employé. In order for a partnership to exist between two persons there must not only be a participation in all the profits, but there must likewise be a community of risks.—*Pulliam v. Schimpf*, 100 Ala. 362; *Nelms v. McGraw*, 93 Ala. 245.

Guy C. Sibley, *contra*.—The contract in this case established the relation of partnership between the two partners.—*Howze v. Patterson*, 53 Ala. 205; *McCrary v. Slaughter*, 58 Ala. 230; *Causler v. Wharton*, 62 Ala. 358; *Couch v. Woodruff*, 63 Ala. 466; 17 Amer. & Eng. Encyc. of Law, 828–840.

COLEMAN, J.—The appellant, plaintiff below, sued to recover for services rendered. In consequence of certain rulings of the court, the plaintiff suffered a non-suit with a bill of exceptions.—Code, § 2759.

Where a party seeks to recover damage for a breach of a special agreement, the plaintiff should count upon the contract and aver the breach. Where, however, the contract has been fully performed on one side, and nothing remains but the payment of money, he may maintain the action upon the common counts, and introduce the agreement as evidence of the value of the services, or of the amount due. On this question the court held rightly.

After the evidence has closed and the parties have gone to the jury, it is within the sound discretion of the court to permit either party to introduce further evidence It is only just that where one party is permitted thus to introduce evidence to allow the opposite party to introduce explanatory or rebutting evidence. The plaintiff was permitted to introduce in evidence the

books of the defendant, with the understanding that the defendant should be allowed to explain certain items. The plaintiff having interposed an objection to the explanation offered, the court did not err in excluding the books from the jury.

The material question in the case arises upon the construction of the agreement between the parties, which was in writing. The court declared that the legal effect of the argreement was to create a partnership, and that by virtue of its provisions the plaintiff and defendant were partners *inter sese*. A partnership *inter sese* being established, it is conclusive as to the obligation of the partners to third persons, but the converse is not equally true. There may be a partnership between parties as to strangers when the relation does not exist *inter sese*. We are of opinion that a partnership *inter sese* cannot be said to exist where the terms of the agreement show affirmatively that the parties as between themselves are not bound as principals upon the obligations of the concern, although they may be liable as principals, jointly and severally, to third parties. We cannot conceive of a partnership in a legal sense between two parties in a transation, when if one of them is compelled to pay an obligation he has no recourse on the other. An agreement by which one is to share in the profits alone does not create a partnership. The agreement should bind the parties to bear the burden of losses. One who is to receive for his share a precentage of net profits, and, if there are no profits, is to be paid nothing, in one sense is affected by losses, but if by the agreement he is to contribute nothing to make good the loss, if he is under no legal liability therefor, he does not bear the burden of losses in its legal signification as an element of a partnership.—*Couch v. Woodruff*, 63 Ala. 466 ; *Pulliam v. Schimpf*, 100 Ala. 362. The court construed the agreement in this case to create a partnership. The contract became such by the acceptance by plaintiff of a written proposition made to him by the defendant. The proposition was to employ the plaintiff as timber inspector "in my business of timber and log broker." It proposes to pay "a stipulated salary of one dollar per month, and in addition thereto a sum of money equal to forty per cent of the net amount" of certain specified sources of revenue from the business. It contains also

[Stafford v. Sibley.]

the following provision : "You, as my emplyee, not to be liable for any losses, (beyond your profits as stipulated)." We have in the proposition, the relation of employer and employé, rather than of a partnership. A stipulated salary is to be paid for services, rather than an interest in the timber and log brokerage business. It expressly provides that plaintiff, "as my employee, not to be liable for losses, (beyond your profits as stipulated)." We do not construe the agreement as creating a partnership. We are of opinion that it is a contract of employment, in which the defendant agreed to pay the plaintiff for his services a monthly salary of one dollar, and forty per cent of the net profits, to be ascertained and paid monthly. We do not assent to the contention of plaintiff's counsel that the stipulation, "you not to be liable for any losses (beyond your profits as stipulated)," as referring simply to such losses as the employer might sustain by reason of misfeasance or neglect of duty of the employé. On the contrary, it is a positive provision that he should not be liable for losses of the business, except so far as they might affect the percentage of the net profits to be paid him as stipulated. If there were no profits realized during the month, the plaintiff was to receive no more than one dollar for the month. We do not understand from the contract that plaintiff's percentage is diminished by reason of loss sustained by the defendant for money loaned or advanced by him in the business, except so far as his percentage upon the interest accruing and commission thereon. We construe the contract to mean that the money invested belongs to the defendant, who is the sole owner of the brokerage business; that he has sole control of it, and invests it entirely independent of the plaintiff; and if he makes a bad debt, the loss of the debt falls on him without recourse on the plaintiff for contribution. The net profits, from which the plaintiff is to receive forty per cent, are those "realized and collected from inspection charges, interest on money advanced and commissions on same." The profits thus realized are not to be applied to make good a bad debt contracted by the defendant. If net profits are realized from inspection charges, the plaintiff is entitled to forty per cent. If there is no interest and commissions on money advanced, realized and collected, the plaintiff gets nothing from this source,

13

but he is not liable for losses from bad investments. They are not partners in the brokerage business. We are of opinion the court erred in its construction of the contract.

The non-suit will be set aside, and the cause reinstated, that it may be prosecuted as herein indicated,

Reversed and remanded.