## Watson v. Hamilton.

*Bill for an Accounting and to Dissolve Partnership.*

(Decided November 21, 1912. 60 South. 63.)

1. *Partnership; Creation.*—While neither a writing nor any other particular form of contract is needed to create a trading or laboring partnership, a partnership is never created by implication or operation of law as between the partners, without an express or implied agreement to constitute the relation; mutual consent of two or more competent minds being required to establish a partnership.

2. *Same; Profits and Loss.*—To constitute a partnership inter se the contract must provide for the sharing of losses as well as that of profit.

3. *Same; Existence; Burden of Proof.*—In a proceeding by an heir of a deceased wife to declare and determine her interest in a partnership alleged to have existed between her and her husband, the burden is on complainant to establish a partnership relation at the time of the wife's death.

4. *Same; Evidence.*—The evidence examined and held insufficient to show the existence of a partnership relation between husband and wife inter se.

APPEAL from St. Clair Chancery Court.

Heard before Hon. W. W. WHITESIDE.

Bill by Mintie C. Watson against Newton O. Hamilton to declare the interest owned and held by E. E. Hamilton in the partnership of N. O. & E. E. Hamilton at the time of the death of E. E. Hamilton, and to state an account, and determine complainant's interest in the same, as an heir of said E. E. Hamilton. From a decree finding the non-existence of a partnership, complainant appeals. Affirmed.

JOHN W. INZER, JAS. A. EMBRY, and JAS. P. MONTGOMERY, for appellant. Counsel insist that complainant has a right to invoke the jurisdiction of a court of equity to protect her interest in said estate and the property and assets of the late partnership of N. O. & E. E. Hamilton and cite the following authorities: 88 Ala. 552; 90 Ala. 81; 79 Ala. 540; 77 Ala. 262; 45 South. 630; 46 South. 582. Appellant insists that the evidence showed the existence of the partnership and that the chancellor erred in holding otherwise.—*Careker v. Walker*, 62 Ala. 86; *Turnipseed v. Goodwin*, 99 Ala. 272; *Donaldson v. Posey*, 13 Ala. 752; *Stein v. Robinson*, 30 Ala. 366; *Brinner v. Brown*, 68 Ala. 220. N. O. Hamilton was not competent to testify. Section 4007, Code 1907.

JOHN H. MILLER and PHARES COLEMAN, for appellee. Before complainant is entitled to recover she must establish a partnership inter se between N. O. & E. E. Hamilton. No stranger is involved here and no rights of strangers intervene and hence it becomes necessary for the evidence to disclose some sort of contract either expressed or implied, between the parties themselves and this the evidence fails to show.—*Goldsmith v. Eichold Bros. & Weiss*, 94 Ala. 161; *1st Nat'l Bank v. Leland*, 122 Ala. 289; 5 Words and Phrases, 5191. The

burden was on the complainant.—17 A. & E. Enc'y of Law, 1313; 30 Cyc, 735; *Butts v. Cooper,* 152 Ala. 375. It requires stronger evidence to establish proof of partnership between parties themselves than when the right of a stranger is involved.—*Chisholm v. Cowles,* 42 Ala. 179; *McDonald v. Battle House Co.,* 67 Ala. 90.

ANDERSON, J.—A partnership is never created by implication or operation of law, apart from an express or implied agreement to constitute the relation. This doctrine must not be confused with holding persons liable as partners by estoppel, or in a few states by sharing profits. Bates on Partnership, § 3  While there must be a contract between the parties, express or implied, neither writing, nor any other particular form, need be observed in the formation of a trading or laboring contract. Mutual consent of two or more competent minds can make this, as it can make other contracts. And, like most other contracts, it may be implied from conduct and circumstances, if significant enough to convince the mind. There may be an exception to the generality of the foregoing remarks in the matter of partnerships formed for the purchase and sale of land as a business. The statute of frauds may require that these should be in writing.—*Causler v. Wharton,* 62 Ala. 358. "To constitute the relation inter se, the contract must extend beyond a common agreement to share in the profits. It must equally bind the parties to bear the burden of the losses."—*Goldsmith v. Eichold,* 94 Ala. 16, 10 South. 80, 33 Am. St. Rep. 97. The burden of proof was upon the complainant to establish the existence of a partnership between Newton O. Hamilton and his wife at the time of her death. 17 Am. & Eng. Ency. of Law, 1313; *Gatewood v. Bolton,* 48 Mo. 78; *Kennedy v. Hall,* 68 Ill. 165; *Butts*

*v. Cooper,* 152 Ala. 375, 44 South. 616; 30 Cyc. 735.
On the question whether the parties are partners inter
se, the interest of no third person being involved,
stronger proof is required to establish the partnership
than when the question arises as between the alleged
partners and third persons. A partnership as to third
persons may arise by mere operation of law against the
parties by way of estoppel, etc.; but as between the
parties themselves it only exists when such is. their
actual intention.—*Chisholm v. Cowles,* 42 Ala. 179.

As to the liability of Mrs. Hamilton or her estate to
the claim of third persons dealing with the business, we
are not concerned, as that question is not before us.
We are only called upon to decide whether or not there
was a partnership inter se. The chancellor made no
special ruling on the evidence, but stated in the opinion
that he was not influenced by any illegal evidence. We
must therefore assume that he did not consider the
evidence, either of the respondent or complainant, as to
dealings or transactions with the deceased, or the evi-
dence of the complainant as to what Mrs. Hamilton
told her in the absence of the respondent.—*First Nat.
Bank v. Leland,* 122 Ala. 289, 25 South. 195. Therefore
the only evidence that we have of a partnership between
Hamilton and his wife is a change in the name of the
business from N. O. Hamilton to N. O. & E. E. Hamil-
ton, the fact that the wife gave it much of her time and
attention, and the further fact that she stated to the
witness T. J. Hodges, in the presence and probable hear-
ing of the respondent, that she and her husband were
each "half interested in the business as she made all
they had since she had gone in the store." The change
in the name by the addition of the initials of another,
while not conclusive, would impart, at least, a partner-
ship name. *Leland's Case, supra;* Bates on Partner-

ship, § 191. The fact that the wife looked after the business and gave it more attention than her husband did can be of no great significance, as she did this before there was any change in the name of the concern; and in view of all the evidence in this case, taking into consideration the surrounding circumstances, we are of the opinion that the change in the name was made by Hamilton merely to please his wife, and with no intention to make her a partner, so as to burden her with the liabilities of the business. They had no children, and without being a partner she would naturally share in the profits, and would get all of the personal property, under the statutes of distribution, in case of the death of her husband, and she really had all to lose and nothing to gain by becoming a partner; and it is more than probable that the husband added her name for the purpose of pleasing her, and to show the proper appreciation for her attention to the business, as he was giving her nothing by making her a partner that she did not already, in effect, have; and it is not probable that either of them intended that she should shoulder the burdens when there was no need of her doing so and nothing for her to gain. Nor can we attach very great weight to her claim to the witness Hodges. Hamilton was selling a bill of goods at the time and probably did not hear her; but if he did, or if she had claimed the whole store, with him thrown in, he had been married to her many years, and evidently felt that discretion forbade a denial on his part of such a frequent and customary claim on the part of a wife.

After a consideration of all the legal evidence, and independent of the finding of the chancellor upon the facts, we are of the opinion that the complainant has failed to meet the burden cast upon her of establishing the existence of a partnership between Hamilton and

his wife, in order to have an interest in the business as the heir of Mrs. Hamilton.

The decree of the chancellor is affirmed.

Affirmed. All the Justices concur, except. DOWDELL, C. J., not sitting.