(81 South. 150)

ORR, JACKSON & CO. v. PERRY.

(8 Div. 557.)

(Court of Appeals of Alabama. Jan. 21, 1919.)

1. MASTER AND SERVANT ⬥3(2)—CREATION—CONSTRUCTION OF AGREEMENT.

Agreement whereby first party advanced the money with which to buy stock of goods to be sold by second party, the proceeds to be first applied to repayment to first party of money advanced, and the profits thereafter to be equally divided, was, as between the parties a contract of employment.

**2. Partnership ⚬⟶30—Creation—Profits.**

An agreement whereby one party is to share in the profits alone does not create a partnership.

**3. Partnership ⚬⟶30 — Creation — Third Parties—Participation in Profits.**

Agreement, whereby a stock of goods purchased with money advanced by one party is to be sold by the other party, the second party to participate in profits after repayment of money originally invested, is, as to third parties, a partnership in the enterprise of selling such stock of goods, though second party had no interest in the capital invested.

**4. Partnership ⚬⟶125—Liability of Partner—Principle of Agency.**

The liability of one partner for the acts of his copartner is founded on the principle of agency.

**5. Partnership ⚬⟶128—Liability of Partner—Scope of Partnership Business.**

A partner is not bound by the unauthorized acts of his copartner in matters not within the apparent scope of the partnership business.

**6. Partnership ⚬⟶371—Limited Purpose—Liability.**

If the purposes of the partnership are limited and special, third persons cannot obtain credit on the faith of the firm in relation to a matter foreign to its objects.

**7. Partnership ⚬⟶135—Liability of Partnership—Individual Credit of Partner.**

Where a partner borrows money or purchases goods on his own individual credit alone, the subsequent application of such money or goods to the uses of the partnership does not give a creditor an action against it.

**8. Partnership ⚬⟶126—Implied Authority—Scope of Business.**

Each partner has implied authority to bind the firm and each member thereof by contracts and obligations executed in the firm name and which are within the scope of the firm's business, as such business is ordinarily conducted.

**9. Partnership ⚬⟶136—Firm Name—Use of Individual Name of Partner.**

Where the individual name of a partner is adopted as the firm name, its use in transaction connected with the firm business and within the apparent scope of the business being conducted is binding on all the partners.

**10. Partnership ⚬⟶141—Purchase of Necessary Stock.**

Partners engaged in the sale of merchandise are bound by such purchases as are necessary and appropriate for keeping up the stock.

**11. Partnership ⚬⟶164—Liability of Dormant Partner.**

A dormant partner, being one of the proprietors of a business, is liable to any creditor of the firm for any obligation incurred during his connection with it.

**12. Partnership ⚬⟶141—Liability of Partner—Purchase of Goods.**

Where partners engaged in joint enterprise, whereby particular stock of goods is purchased with money advanced by one to be sold by other under agreement to share profits, and latter with consent of former in addition to selling particular stock so purchased continues in mercantile business buying other goods as needed, the former is bound by purchases for goods; such continuance in mercantile business being in effect, as to third parties, a broadening of scope of original agreement.

**13. Partnership ⚬⟶27—Creation—Operation of Law.**

Where third parties are concerned, a partnership may arise by operation of law without inquiry into, or in direct opposition to, the express intention of the parties.

**14. Partnership ⚬⟶213(1)—Actions—Sufficiency of Complaint.**

In action to recover price of goods purchased by defendant's alleged partner, complaint *held* to sufficiently allege operation of mercantile business in which defendant and purchaser of goods were partners.

Appeal from Circuit Court, Lauderdale County; C. P. Almon, Judge.

Action by Orr, Jackson & Co. against F. M. Perry. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Action in assumpsit by the plaintiff against defendant to recover purchase price of goods sold and delivered. In addition to the common counts, the plaintiff filed numerous special counts, among which were counts 7 and 8, which are as follows:

(7) "Plaintiff claims of the defendant the further sum of $319.56, for this: That heretofore and on the 27th day of March, 1913, defendant and W. C. White entered into a contract in words and figures as shown by a contract hereto attached and made a part of this complaint as 'Exhibit A.' That thereafter W. C. White entered into the conduct of a business pursuant to the terms of said contract, Exhibit A, and by and with the consent of the defendant continued said business for a long time, to wit, one year, and during the operation of said business as aforesaid ordered the goods for the purchase price of which this suit is brought, and plaintiff alleges that said goods were delivered pursuant to said order, and purchase price of the same, together with the interest thereon is unpaid, wherefore plaintiff sues.

"Said sum is entitled to a credit of $101.27, paid on January 20, 1915."

(8) "Plaintiff claims of the defendant the further sum of $319.56, for this: That heretofore and on the 27th day of March, 1913, defendant and W. C. White entered into a contract in words and figures as shown by a contract hereto attached and made a part of this complaint, Exhibit A; that thereafter W. C. White entered into the conduct of business pursuant to the terms of said contract, Exhibit A, and with the knowledge of said defendant continued said business for a long time, to wit, one year, and during the operation of said business aforesaid, ordered the goods for the purchase price of which this suit is brought. And plaintiff alleges that said goods were delivered pursuant to said

order, and the purchase price of the same, together with the interest thereon, is unpaid. Wherefore plaintiff sues.

"Said sum is entitled to a credit of $101.27 paid on January 20, 1915."

Exhibit A mentioned in said counts is in the following language:

#### "Articles of Agreement.
$3,244.48.

"This contract made and entered into this day by and between F. M. Perry, party of the first part, and White, the second party, witnesseth: The first party furnishes the second party the sum of thirty-two hundred forty-four dollars, to purchase the H. P. Lucas stock of goods now owned by Dodson Gentry and Co.

"Said stock of goods being sold by said Dodson Gentry & Co., at 60c on the dollar, invoiced at wholesale valuation.

"Said second party agrees to take charge of this stock of goods and sell them to the best advantage for both of said parties, said second party agreeing to devote all of his time to the sale of said stock for one half of the net profits. He agreeing to put in his entire time in exchange for the money that said first party puts in the business. Said second party agrees to sell said stock of goods out and pay back the money to said first party as fast as he sells the goods out, until the amount of the purchase price of the goods has been returned to the first party. After this has been done the profit, if there be any, is to be divided equally between the two parties unless there is a mutual agreement with said parties to continue longer.

"All house rents, taxes, insurance and other necessary expenses to first come out of the gross profits, and the balance, if any, to be divided as stated above.

"It is understood and agreed between the said parties, that in case of death of second party or in case of sickness or any disability of said second party to fully carry out this agreement as stated in the foregoing, that the first party has the right to take charge and close out without any form of law.

"Witness our hands and seal this the 27th day of March, 1913.     F. M. Perry.   [Seal.]
             "Billie White.   [Seal.]
"Florence, Ala., March 27, 1913."

These counts were demurred to on several grounds which are not here stated, but the ground of demurrer considered will appear in the opinion. The demurrer to these counts was sustained, and the action of the court in sustaining the demurrer is here assigned as error.

There are various assignments of error to the action of the court in its refusal to give charges in writing as requested by the plaintiff, and to the exclusion of evidence, which will sufficiently appear in the opinion.

There was verdict and judgment for the defendant, and, from the judgment, plaintiff appeals.

C. E. Jordan and Ashcraft & Bradshaw, all of Florence, for appellant.

Paul Hodges, of Florence, and A. H. Carmichael, of Tuscumbia, for appellee.

SAMFORD, J. In view of the very large number of assignments of error, which in effect present the comparatively few questions argued in brief of counsel, we can best discuss and dispose of the questions presented in this record by following the contentions made in brief of appellant's counsel, in which they are presented in a clear and concise manner. No brief for the appellee came to the hands of the court.

As stated in brief, the contract between Perry and White can only be construed to mean one of three things:

First, that Perry was lending money to White to be used by White on his own account, thereby constituting the relation of debtor and creditor; second, that Perry employed White to handle the business for him, creating the relation of employer and employé; or, third, that the contract was one of partnership.

The first of these contentions can be discarded, it being apparent that the transaction was not a loan of money, so as to create the relation of debtor and creditor, but the joint embarking in an enterprise for the profit to be derived from the handling and dealing in certain merchandise.

[1-3] The disposition of the other two questions is more difficult. According to the authorities on this subject, it would appear that, as between Perry and White, the contract was one of employment. An agreement whereby one party is to share in the profits alone does not create a partnership. Stafford v. Sibley, 106 Ala. 189, 17 South, 324; Pulliam v. Schimpf, 100 Ala. 362, 14 South. 488; Fail v. McRee, 36 Ala. 61; Robinson v. Bullock, 58 Ala. 618; Mayrant & Co. v. Marston, Brown & Co., 67 Ala. 453. But there is a well-recognized distinction between cases where third parties are concerned, who have dealt with parties associated in business, and where controversies arise between the parties themselves. In the former class of cases, for the protection of strangers, a partnership may arise by mere operation of law, without an inquiry into, or in direct opposition to, the express intention of the parties. Couch v. Woodruff, 63 Ala. 466. In the instant case, under the terms of the contract between Perry and White, each was to participate in the profits of the business. Although White had no interest in the capital invested, this would constitute them partners, in the enterprise covered by the terms of the contract as to third persons. Quarles et al. v. Kendrick Mercantile Co., 79 South. 160;[1] McDonnell v. Battle House Co., 67 Ala. 90, 42 Am. Rep. 99. But whether the relation was one or the other is of very little moment in the case at bar. The real question of interest is: Was White the agent of Perry in such sense as that Perry was bound by the act of White, in the latter's dealings with the plaintiff, and do the counts of the complaint to which demurrers were sustained meet the

---

[1] Ante, p. 486.

requirements as to so charge him? In other words, do the counts allege facts showing that White acted within the apparent scope of his authority, either as a partner or an agent.

[4-7] The law of partnership is a branch of the law of agency. The functions, rights, and duties of partners in a great measure comprehend those of agents, and the general rules of law applicable to agents likewise apply to partners. Accordingly, the liability of one partner for the acts of his copartner is founded on the principle of agency. 20 R. C. L. p. 882. The power of a partner to act as agent is limited to transactions within the scope of the partnership business, and one partner is not bound by the unauthorized acts of a copartner, in matters not within the apparent scope of the partnership business. Western Stage Co. v. Walker, 2 Iowa, 504, 65 Am. Dec. 789; Brooks v. Hamilton (La.) 10 Mart. (O. S.) 285, 13 Am. Dec. 328; Ex parte Agace, 19 Eng. Rul. Cases, 439. If the purposes of the partnership are limited and special, third persons cannot obtain credit on the faith of the firm in relation to a matter foreign to its objects. 20 R. C. L. p. 95. And if one partner borrows money or purchases goods on his own individual credit alone, the subsequent application of such money or goods to the uses of the partnership does not give the creditor an action against it. Guice v. Thornton, 76 Ala. 466; Pritchett v. Pollock, 82 Ala. 169, 2 South. 735; Clark v. Taylor, 68 Ala. 453.

[8-12] But each partner has implied authority to bind the firm and each member thereof by contracts and obligations executed in the firm name and which are within the scope of the firm's business, as such business is ordinarily conducted. 30 Cyc. 485. And where the individual name of a partner is adopted as the firm name, its use in transactions connected with the firm business and within the apparent scope of the business being conducted would be binding on all the partners. Palmer v. Stephens, 1 Denio (N. Y.) 471; Rochester Bank v. Monteath, 1 Denio (N. Y.) 402, 43 Am. Dec. 681; s. c. Bank v. Case, 8 B. & C. 427. When persons are engaged in the sale of merchandise as a business, purchases to keep up the stock are appropriate and necessary to the business, and where such purchases are made all the partners are bound. Ala. Fort. Co. v. Reynolds et al., 79 Ala. 497. And a dormant partner, being one of the proprietors of the business, is liable to any creditor of the firm, for an obligation incurred during his connection with it. 30 Cyc. 397. From what has been said it will be seen that, in order to fix a liability on the defendant, the allegations of the complaint must show, besides the formal charges: First, the engaging in a business; second, that Perry was the principal and White the general agent or a partnership inter sese, or a partnership as to third persons in its dealings with plaintiff. As between themselves, and without proof of an agreement to continue, the contract was for a special purpose, to wit, the buying and selling of a certain stock of goods, and, when that was done, the purposes of the contract were completed and at an end. The relation between the parties was that of employer and employé. White had authority to bind Perry in the buying of the stock and as to anything apparently within the scope of his authority of selling them out and disposing of them. If, however, White continued to do a general mercantile business, with the original stock as a nucleus, buying other goods as needed to fill in the stock and generally holding himself out as a merchant, and this was with the knowledge of Perry, this would in effect, as to third parties at least, be an agreement to a continuance of the contract agreement and a broadening of its scope, from the narrow scope that might be held, as between the parties themselves.

[13, 14] The instrument set out in the complaint does not on its face establish a partnership inter sese; but, where third parties are concerned, a partnership may arise by operation of law without an inquiry into or in direct opposition to the express intention of the parties. Couch v. Woodruff, 63 Ala. 466; Taylor v. Bush, 75 Ala. 432; Nelms v. McGraw, 93 Ala. 245, 9 South. 719. If Perry permitted White to conduct the disposition of the stock of goods in such manner as to lead wholesale merchants, dealing in such merchandise as was embraced in the stock, into the belief that it was a general mercantile business, it would be in law a partnership, as to all parties dealing with the firm as such. An allegation in the complaint "that thereafter W. C. White entered into the conduct of a business pursuant to the terms of said contract, Exhibit A, and with the knowledge of said defendant continued said business for a long time, to wit, one year, and during the operation of said business aforesaid, ordered the goods, etc.," is sufficient to bring the complaint within the rule above declared. It was in effect an allegation of an agreement, either expressed or implied, to conduct a business for the buying and selling of merchandise on the terms of relationship as expressed in the contract. In other words, the contract fixed the contribution to be made by each party to the joint adventure, and the contemplated compensation, and, while not originally an agreement for the doing of a mercantile business, the conduct of a business, with the knowledge of Perry, under the terms of a contract fixing the status of the parties, would, as to third parties at least, bind the defendant, either as a principal or as a partner; whether the one or the other is of no moment in this case. It is not necessary to pass upon the demurrers to all the counts, as counts 7 and 8, to which demurrers were interposed and

sustained, will serve to illustrate the principle here announced and for a guide to the circuit court on another trial of the case. The demurrers to counts 7 and 8 should have been overruled.

In view of the holdings as above set out, we feel that it is not necessary to pass upon the other assignments of error, as the court will be guided by the law as herein announced in dealing with the issues formed on another trial.

Reversed and remanded.