(87 South. 795)

## SMITH v. MURPHREE.   (6 Div. 114.)

(Supreme Court of Alabama.   Jan. 15, 1921.)

**Partnership ⬤122—Existence of partnership held for jury.**

In action to recover 200 bushels of peanuts as one-half the toll taken for use of a peanut thrasher, evidence that plaintiff owned the thrasher and agreed with defendant to furnish it and keep it in repair, defendant to operate it, furnishing the labor therefor, each paying for half the oil and gasoline used, and the peanuts taken as toll to be divided equally, and that plaintiff did not contemplate a partnership, but intended his half of the toll peanuts to be rent for the use of the machine, did not make it appear that the parties should share losses equally, and hence there was not, as a matter of law, a partnership, which would prevent plaintiff's maintaining the action.

Appeal from Circuit Court, Blount County; O. A. Steele, Judge.

Action by H. C. Murphree against Jesse Smith in detinue and assumpsit. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

The action was in detinue to recover 200 bushels of peanuts, and also in breach of contract to deliver the peanuts, or rather one-half taken as toll for the use of the machine. The charges refused to the defendant are as follows:

The affirmative charges:

"If you are reasonably satisfied, from the evidence in this case, that the parties to this suit made and entered into a contract in regard to said pea-threshing machine, by the terms of which plaintiff agreed to furnish said machine and keep it in repair, and defendant under said contract was to furnish the labor and operate said machine during the threshing season, and that both parties were to jointly furnish all the gasoline, oil, cylinder oil, and batteries necessary to run said machine during said season, and that they were to divide the toll peas equally between themselves, this constitutes a partnership in law, and the plaintiff cannot recover."

Russell & Johnson, of Oneonta, for appellant.

The parties were partners inter sese. 7 Ala. 569; 37 Ala. 201; 113 Ala. 447, 21 South. 459.

Kelton & Son, of Oneonta, for appellee.

In determining whether a partnership exist or was created, the intention of the parties is the question for consideration. 147 Ala. 512, 40 South. 319. As to what is the true test see, 19 Ala. 774; 14 Ala. 303; 53 Ala. 205, 25 Am. Rep. 607; 180 Ala. 3, 60 South. 63.

BROWN, J. Viewing the evidence in the light most favorable to the appellant, it shows that the appellee owned a peanut thresher; that he entered into an agreement with appellant for its operation, by the terms of which appellee agreed to furnish the machine, one-half of the gasoline and oil for its operation, and keep the machine in repair, and the appellant agreed to furnish one-half of the gasoline and oil for the operation of the machine, and all the labor necessary for operating the machine in threshing and hulling peas for the public; the peas taken as toll to be equally divided between the parties. The appellee's evidence was to the effect that his part of the toll peas was to be paid him by the appellant as rent for the use of the machine, and that he did not contemplate engaging in a partnership enterprise with the appellant.

From this evidence it does not appear that it was contemplated or agreed that the parties should share equally in the losses. Non constat, under the arrangement between the parties, it was not impossible for one to have sustained a loss and the other to have made a profit, and hence it cannot be said as a matter of law that the arrangement between the parties constituted a partnership inter sese. Zuber v. Roberts, 147 Ala. 512, 40 South. 319; Howze v. Patterson, 53 Ala. 205, 25 Am. Rep. 607; Watson v. Hamilton, 180 Ala. 3, 60 South. 63.

Under the evidence the court correctly refused the charges requested by the appellant. There is no error in the record. Affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.

(87 South. 882)

## KUYKENDALL v. STATE.   (8 Div. 305.)

(Supreme Court of Alabama.   Jan. 15, 1921.)

Certiorari to Court of Appeals.

Petition by C. Kuykendall for certiorari to the Court of Appeals to review and revise a judgment of said court (87 South. 878 [1]), rendered on appeal of petitioner against the state. Writ denied.

John A. Lusk & Son and Street & Bradford, all of Guntersville, for appellant.

J. Q. Smith, Atty. Gen., for the State.

BROWN, J. Petition of C. Kuykendall for certiorari to Court of Appeals to review and revise the judgment of said court rendered on the appeal in C. Kuykendall v. State, 17 Ala. App. 582, 87 South. 878. Writ denied.

⬤For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] 17 Ala. App. 582.