(103 So. 603)

### WASHINGTON & C. RY. CO. v. STALLWORTH. (2 Div. 303.)

(Court of Appeals of Alabama. April 7, 1925.)

1. **Appeal and error** ⬉695(1)—**Failure of bill of exceptions to contain all evidence precludes reversal for alleged lack of evidence to sustain verdict.**

Failure of bill of exceptions to contain all evidence precludes reversal for alleged lack of evidence to sustain verdict.

2. **Partnership** ⬉5—**To create relation parties must bear burden of losses.**

Contract, to constitute relation of partnership inter se, must equally bind parties to bear burden of losses, and hence one enjoying equal profits only with plaintiff from purchase of ties *held* not necessary as party plaintiff in action for conversion of ties of which plaintiff became sole owner by settlement with such person before conversion of ties.

3. **Trial** ⬉240, 242, 248, 261—**Refusal to give abstract, incorrect, misleading, argumentative, or confusing, charges not error.**

Refusal to give charges which were either abstract, incorrect, misleading, argumentative, or confusing, *held* not error.

Appeal from Circuit Court, Choctaw County; Ben D. Turner, Judge.

Action in assumpsit by Charles W. Stallworth against the Washington & Choctaw Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Gray & Dansby, of Butler, and John S. Tilley, of Montgomery, for appellant.

The property was owned by the partnership, and suit could not be maintained individually by the plaintiff. Tallapoosa Co. Bank v. Salmon, 12 Ala. App. 591, 68 So. 542; Northern v. Tatum, 164 Ala. 375, 51 So. 17; Pollard v. Stanton, 7 Ala. 763; Quinn v. Quinn, 81 Cal. 14, 22 P. 264; Wipperman v. Stacy, 80 Wis. 345, 50 N. W. 336.

J. D. Lindsey, of Butler, and Rushton, Crenshaw & Rushton, of Montgomery, for appellee.

There was no error in refusing the affirmative charge requested by defendant. Cobb v. Malone, 92 Ala. 630, 9 So. 738. No partnership was shown to exist. Watson v. Hamilton, 180 Ala. 3, 60 So. 63; 20 R. C. L. 823; 18 L. R. A. (N. S.) 1068, note; Quarles v. Kendrick Mer. Co., 16 Ala. App. 486, 79 So. 160.

RICE, J. This is an appeal by the defendant from a judgment of the circuit court of Choctaw county in favor of the plaintiff for a stated sum, the complaint being in assumpsit. The plaintiff (appellee) during the years 1918 and 1919 was engaged in the business of buying cross-ties, and made an arrangement with one W. T. Loftin, whereby plaintiff furnished the money and Loftin bought the ties, the profits to be divided equally between Stallworth and Loftin. The plaintiff testified that in his best recollection he had settled with Loftin, in full, prior to the time of the alleged occurrences made the basis of the suit, and that he (plaintiff) was the sole owner of the property which he claimed the defendant appropriated to its own use.

The evidence for the plaintiff tended to show that prior to the filing of suit defendant, its agents, or servants, converted to its own use and benefit certain cross-ties, belonging to plaintiff, for the value of which the action is brought.

The defendant entered a general denial, and introduced evidence tending to support its plea. A discussion of the evidence would not be helpful. Suffice to say that we think there was ample evidence shown in the record to support the verdict of the jury, and therefore hold that the action of the trial court in refusing the general affirmative charge in its favor, requested by appellant, and in overruling its motion to set aside the verdict of the jury and grant to it a new trial, was, in each instance, free from error. Cobb v. Malone, 92 Ala. 630, 9 So. 738; Tobler v. Pioneer Min. & Mfg. Co., 166 Ala. 482, 52 So. 86.

[1, 2] Were the above not so, the fact that the bill of exceptions does not purport to contain all the evidence introduced upon the trial would preclude our predicating a re-

versal of the case because of a lack of evidence to sustain the verdict upon either of the rulings mentioned.

In the case of Watson v. Hamilton, 180 Ala. 3, 60 So. 63, our Supreme Court, speaking through Mr. Justice Anderson, now Chief Justice, said:

"A partnership is never created by implication or operation of law, apart from an express or implied agreement to constitute the relation. This doctrine must not be confused with holding persons liable as partners by estoppel, or *in a few states* [italics supplied] by sharing profits. * * * 'To constitute the relation inter se, the contract must extend beyond a common agreement to share in the profits. It must equally bind the parties to bear the burden of the losses.'" Goldsmith v. Eichold, 94 Ala. 16, 10 South. 80, 33 Am. St. Rep. 97.·

See, also, 20 R. C. L. 823, note 18 L. R. A. (N. S.) 1068, 16 Ala. App. 488.[1] Under the authorities above noted, we hold that it was not requisite that Loftin be joined as a party plaintiff.

[3] The charges refused to appellant have each been examined, and where not covered by the oral charge of the court, or the written charge given at defendant's request, we find each of them to be either abstract, incorrect, misleading, argumentative, or confusing. And the refusal of none of them constituted prejudicial error.

A discussion of the other assignments of error would involve only elementary legal principles, and would not in our opinion be of value. From a careful examination of the whole cause, it is clear that appellant had the issues fairly placed before a jury, and that there was sufficient evidence to sustain that jury's finding.

There appearing no prejudicial error in the record, the judgment will be affirmed.

Affirmed.

