(108 So. 532)

### FRED GRAY COTTON & GIN CO. v. SMITH. (8 Div. 833.)

(Supreme Court of Alabama. April 15, 1926. Rehearing Denied May 20, 1926.)

**1. Partnership ⬉199.**

Partner cannot sue alone for his share in firm claim.

**2. Partnership ⬉5—To constitute partnership inter sese, parties must be bound to share losses as well as profits.**

To constitute partnership inter sese, contract must extend beyond an agreement to share profits, and must equally bind the parties to share the losses.

**3. Partnership ⬉5—Agreement to divide profits in business implies agreement to share losses, where nothing is said as to losses (Code 1923, § 9372).**

Where parties have community of interest in goods, though funds used belonged to one of them only, and there is an agreement that other is to share equally in profits, with nothing said as to losses, an agreement to share losses will be implied, in view of Code 1923, § 9372.

**4. Partnership ⬉218(2)—Refusal of instruction that, in absence of agreement as to losses, law implies agreement to share losses, and agreement to share profits equally constitutes partnership, was error, where applicable to evidence.**

Under plea of nonjoinder, where issue was failure of plaintiff to join another as partner, refusal of instruction that, in absence of agreement as to losses, law implies an agreement to bear losses equally, and, where agreement is to share equally in profits, this constitutes partnership, was error.

**5. Partnership ⬉218(2)—Refusal of instruction, predicated on evidence of agreement that plaintiff furnish money and another manage business and profits be divided, that it constituted them partners, and plaintiff could not recover in suit by him alone was error.**

Refusal of instruction that agreement that plaintiff should furnish money for business, and another manage it, and profits should be divided, would constitute them partners, and, if jury should find such agreement, plaintiff could not recover in suit by him alone, was error.

**6. Partnership ⬉218(2)—Refusal of instruction that presumption of partnership arises from evidence of agreement to share profits, and, to recover, plaintiff, in suit by him alone, must rebut presumption, held error.**

Refusal of instruction that partnership is presumed from evidence of agreement between plaintiff and another to share in profits, and, for plaintiff to recover, in suit by him alone, he must prove that partnership did not exist, *held* error.

Appeal from Circuit Court, Limestone County; N. D. Denson, Judge.

Action by R. A. Smith against the Fred Gray Cotton & Gin Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The following requested charges were refused to defendant:

"(9) The court charges the jury that, where two men agree that one shall furnish the money and bear the expenses of the business, or undertaking, and another man agrees to manage the same, the expenses to be paid out of the proceeds, if possible, and, if there shall be any profits, they should be divided between them, such an agreement would constitute them partners, and that, if the jury be reasonably satisfied from the evidence, after considering all of the evidence, that such an agreement existed between R. A. Smith, the plaintiff, and W. H. McClellan, then the court charges you that the plaintiff cannot recover in this action, and that your verdict shall be for the defendant."

"Explanatory Charge D. I charge you, gentlemen of the jury, that, where there is no agreement between the parties as to who shall bear the losses, the law will imply an agreement on the part of both to bear the losses equally, and, where the agreement is that they shall share equally in the profits, this will constitute a partnership."

"Explanatory . Charge (No Number). Gentlemen of the jury, I charge you that, if you believe that there was an agreement between Smith and McClellan whereby they were to share in the profits, the presumption of a partnership arises, and, in order for the plaintiff to recover, he must rebut this presumption; that is, he must prove to you from the evidence that a partnership did not exist."

Fred Wall, Thos. S. Woodroof, and W. T. Sanders, Jr., all of Athens, for appellant.

A prima facie case of partnership is made out against persons associated and carrying on a particular business by evidence that they are sharing its profits pursuant to agreement, or describe themselves as partners in any writing. Krasky v. Wollpert, 134 Cal. 338, 66 P. 309; Fourth Nat. Bank v. Altheimer, 91 Mo. 190, 3 S. W. 858; Botham v. Keefer, 2 Ont. Ap. 595; Leinkauff v. Frenkle, 80 Ala. 136; Du Bos v. Hoover, 25 Fla. 720, 6 So. 788; McMurtrie v. Guiler, 183 Mass. 451, 67 N. E. 358. Whether a person in entering into a particular business arrangement with an-

other had the specific intention of becoming a partner is immaterial. Griffin v. Carr, 21 App. Div. 51, 47 N. Y. S. 323. A partner cannot sue alone for his share of the firm's claim. Hood v. Warren, 205 Ala. 332, 87 So. 524; Bigelow v. Reynolds, 68 Mich. 344, 36 N. W. 95; Vinal v. W. Va. Oil Co., 110 U. S. 215, 4 S. Ct. 4, 28 L. Ed. 124. Where one party furnishes capital and another party furnishes labor, and the profits are divided equally, a partnership is thereby created. Eggleston v. Wilson, 211 Ala. 140, 100 So. 89.

J. G. Rankin, of Athens, for appellee.

An arrangement by which one person furnishes capital and the other performs services, and is to be compensated by a share in the profits, without any agreement as to losses, does not constitute a partnership. Zuber v. Roberts, 147 Ala. 512, 40 So. 319; Stafford v. Sibley, 106 Ala. 189, 17 So. 324; Smith v. Murphree, 205 Ala. 213, 87 So. 795. A partnership by holding out is a rule of liability, and not of right. Lasher v. Colton, 225 Ill. 234, 80 N. E. 122, 8 Ann. Cas. 367.

GARDNER, J. Suit in assumpsit on the common counts by appellee against appellant. The account claimed to be due, and for the recovery of which plaintiff obtained a judgment, arose out of the purchase of certain cotton by defendant from one W. H. McClellan. In addition to the general issue, defendant pleaded payment, set-off, recoupment, and a special plea in abatement. This latter plea was to the effect there was a nonjoinder of a necessary party plaintiff, in that said McClellan was jointly interested with plaintiff (Smith) in this account.

[1] Defendant insists there is much evidence to sustain the view that Smith and McClellan were in fact partners in the business of buying and selling cotton. If such a partnership in fact existed, plaintiff alone could not maintain this suit, as it is not insisted there was any assignment of the interest of McClellan to plaintiff, and it is well recognized, as the general rule, that one partner cannot sue alone for his share in a firm claim. Hood v. Warren, 205 Ala. 332, 87 So. 524. Considerable testimony was offered by the respective parties upon this controverted issue of fact, which issue was, under the evidence, properly submitted to the jury for their consideration.

[2] Plaintiff's testimony tended to show that the cotton was purchased with his funds, and that McClellan was to make the purchases and sales, and share equally in the net profits by way of compensation for his services; it being understood that he was not to be responsible for any losses. This would not constitute a partnership inter sese, as, under the decisions of this court, to constitute such a partnership the contract must extend beyond an agreement to share in the profits, and must equally bind the parties to bear the burden of the losses. Watson v. Hamilton, 180 Ala. 3, 60 So. 63; Smith v. Murphree, 205 Ala. 214, 87 So. 795; Zuber v. Roberts, 147 Ala. 512, 40 So. 319; Stafford v. Sibley, 106 Ala. 189, 17 So. 324.

But the testimony of McClellan tended to show a community of interest in the cotton purchased, though the funds used were those of plaintiff (1 Bates on Partnership, § 35), and an agreement that he was to share equally in the profits with nothing said as to the losses. There are many authorities to the effect that under these circumstances an agreement to share the profits implies likewise an agreement to bear a share of the losses. 30 Cyc. 380; Fourth Nat. Bank v. Altheimer, 91 Mo. 190, 3 S. W. 858.

[3, 4] This rule has been incorporated as a part of our statutory system by section 9372, Code 1923, which reads:

"An agreement to divide the profits of a business implies an agreement for a corresponding division of its losses, unless it is otherwise expressly stipulated."

See, also, Eggleston v. Wilson, 211 Ala. 140, 100 So. 89.

[5] It was embraced in the refused charge set out in the ninth assignment of error, which, in the record proper, is noted as "explanatory charge D." The oral charge of the court contains no reference to this rule of presumption, nor is the substance of the charge found in any given instruction. The charge stated a correct proposition of law, applicable to some of the tendencies of the evidence, and its refusal was reversible error. The same reasoning is applicable to refused charge 9, embraced in the eighth assignment of error, which, in view of all the tendencies of the evidence, should also have been given. Eggleston v. Wilson, supra.

[6] The charge, the refusal of which constitutes assignment of error numbered 11 (though argued in brief under erroneous number as 12), is supported by the case of Fourth National Bank v. Altheimer, supra, and is correct also under the above-cited statutory provision.

For the errors indicated, let the judgment be reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.