140 So. 766

WOODSON v. BUMPERS et al.

I Div. 718.

Supreme Court of Alabama.
March 24, 1932.

Quincey W. Tucker and Woodford Mabry, both of Grove Hill, for appellants.

Adams & Gillmore, of Grove Hill, for appellee.

THOMAS, J.

1. The case is not that of liability for holding oneself out as a partner (Eggleston v. Wilson, 211 Ala. 140, 100 So. 89), but that of sale vel non to individuals as partners, or severally as individuals. There were adverse, reasonable inferences that may be drawn from the evidence, and the issue of fact was for the jury. McMillan v. Aiken, 205 Ala. 35, 40, 88 So. 135. There was no error in refusing plaintiff's charges 1 and 3.

2. The statute, section 9372 of the Code merely states a rule of evidence. An agreement to divide profits alone is not sufficient to create a partnership inter sese; the parties must also be bound to bear the burdens of loss. Orr, Jackson & Co. v. Perry, 16 Ala. App. 658, 81 So. 150, and cases cited; Fred Gray Cotton & Gin Co. v. Smith, 214 Ala. 606, 108 So. 532; Stafford v. Sibley, 106 Ala. 189, 17 So. 324; Couch v. Woodruff, 63 Ala. 466; Pulliam v. Schimpf, 100 Ala. 362, 14 So. 488; Peck v. Lampkin, 200 Ala. 132, 75 So. 580. There was no error in refusing charge No. 2. Watson v. Hamilton, 180 Ala. 3, 60 So. 63; Smith v. Murphree, 205 Ala. 213, 87 So. 795.

3. If one of a joint enterprise or partnership borrows money or purchases goods on individual credit alone, the subsequent application of such money or goods to the use of the common enterprise or partnership does not give such creditor an action against the partnership or enterprise. Guice v. Thornton, 76 Ala. 466, 473; Pritchett v. Pollock & Co., 82 Ala. 169, 2 So. 735 (Stone, J.); Clark v. Taylor & Co., 68 Ala. 453. There was no error in giving charges that we denominate A and B.

The issue was one of fact duly submitted to the jury and decided for the defendants.

It appears from the testimony of Bumpers himself that he was unwilling to go into the purchase of this property as a joint venture with Horton; that Horton requested him to do so and sought to have Bumpers put up all the money, and the latter declined to do so, but did agree that if Horton could and would buy a half interest in the property that he, Bumpers, would buy the other half. It is also open to reasonable inference that this arrangement was understood by Woodson, because Bumpers withheld his payment to Woodson until such time as he thought Horton had completed his payment for the Horton half interest, thus indicating that not only was defendant unwilling to assume liability for Horton's half interest, but he did not wish to purchase and pay for his own half interest without knowing that Horton was going to be able to purchase and pay for the other half. We think the jury reached the proper conclusion. Horton knew that Bumpers had no intention of paying for his

(Horton's) half interest, otherwise he would not have issued his check for $350 to Woodson, hoping to be able to get the money "from some one" to cover his check. Woodson is held to have known that Bumpers had no intention of paying or assuming liability for Horton's half interest, because Bumpers would not pay until he thought Horton had paid. That is to say, Bumpers did not want to get into the business with Horton without knowing that Horton had as much money in it as he did.

The testimony being in conflict, it was clearly a jury question whether the debt sued on was the individual debt of Horton or the debt of a copartnership composed of Horton and Bumpers. This was the issue decided for defendant.

The bill of sale was in the following words:

"Jackson, Ala.

"We the undersigned do hereby sell to C. W. Bumpers of Winn, Ala., and Clyde Horton of Winn, Ala.

"The Avenue Loop Filling Station, Fixtures and stock complete.

"G. E. Woodson.
"Bryant Hortly."

■ There was no error in declining to allow one of the interested parties and a defendant to declare the legal effect of the bill of sale which spoke for itself. Sovereign Camp, W. O. W. v. Hoomes, 219 Ala. 560, 122 So. 686. This was the issue being tried by the jury, and the witness could not draw the conclusion from the evidence. Miller v. Whittington, 202 Ala. 406, 410, 80 So. 499.

■ It is unnecessary to consider other assignments of error not sufficiently argued. Georgia Cotton Co. v. Lee, 196 Ala. 599, 72 So. 158.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.