# Howze *v.* Patterson.

## *Action on Promissory Note.*

1. *Partnership; test of.*—A community of profit and loss is the test of a partnership, even where the dispute is between the partners.

2. *Same; what constitutes.*—Parties, casually met together, who make an agreement to buy what goods they can, either jointly or separately, and on reaching the home market to sell on joint account, and divide the proceeds among themselves *pro rata,* according to the amount each should put in the venture, become partners as to such venture.

3. *Same; power of partners.*—Such a partnership is a trading or commercial partnership, and one of the partners may borrow money in the name and on the credit of the firm, by note, bill, or otherwise, and all will be liable. Misappropriation of the funds by the partner borrowing the money does not relieve the firm from liability.

4. *Error; when not ground for reversal.*—When on the undisputed facts of the case it is clear that the plaintiff is entitled to recover, erroneous rulings of the court do not injure the defendant, and are not grounds for reversal.

APPEAL from Circuit Court of Perry.
Tried before Hon. LUTHER R. SMITH.

The appellee Patterson, brought this action against the appellant Howze, and H. A. Torbett, A. Stollenwerck and Allen Stolenwerck, partners doing business under the name and style of Howze, Stollenwerck & Co., to recover the amount of a promissory note which read as follows:

"$700　　　　　　　PULASKI, TENN.,
　　　　　　　　　　　　　Oct. 16, 1862.

One day after date we promise to pay J. N. Patterson

[Howze *v.* Patterson.]

seven hundred dollars—borrowed money—four hundred dollars in Planters Bank funds, or the discount whatever that may be.

HOWZE, STOLLENWERCK & CO.

Per H. A. Torbett, Partner."

Suit was dismissed as to all the defendants except Howze and Torbett; but the latter appears not to have defended. Howze among other defences pleaded *non est factum*, and a trial was had on issue joined on this and other pleas.

The evidence showed that the defendants had been in Tennessee buying such goods as were needed in Alabama, and while there they met casually and had an understanding that they would buy what goods they could, either jointly or separately, and bring the goods through the country and sell them in Alabama, "on joint account and divide the proceeds among themselves *pro rata* according to the amount each should put in the venture; that they bought goods separately and jointly according to their convenience, and gathered the goods together at Pulaski, Tennessee, to be hauled through the country to Alabama, and left them in charge of Torbett to be brought home; that a day before the departure of the other defendants from Tennessee they formed a partnership, verbally, for the venture, in which they agreed together, and with Torbett, to divide the profits of the venture according to the amount each put in, and left the goods with Torbett, with no special instructions except "to do the best he could." Torbett borrowed the money a few days afterwards, and as stated in the note. He invested four hundred dollars in salt, which was put in the common stock, and with the remainder paid the expenses of the wagon train. There was evidence that at the time the other partners left Torbett, they furnished him with a sufficient amount of money to pay all his expenses, and "to do the best he could" with. When the parties had a settlement and division of profits, Torbett informed them of the note given Patterson and the parties turned over $700 in Confederate currency to Torbett to pay it, but he had no authority to receive the money on the note and had never paid it.

The defendant requested several written charges which were refused, and defendant excepted. The court, at the request of plaintiff, gave three charges to the jury, to the giving of which the defendant excepted.

The charges given instructed the jury, in substance, that if the parties made the agreement as to the venture, which is herein above set out, under the circumstances stated, they

[Howze v. Patterson.]

were partners as to third persons; that each of the partners would have the right to borrow money for the use of the partnership, and that if Torbett thus borrowed money and used it for the partnership, the defendant was liable, although Torbett had not been instructed to borrow money, and that if one of two innocent parties must suffer by Torbett's acts, they must suffer who put him in a position of trust and confidence, rather than the innocent man dealing with him. The charges given, the refusal to charge as requested, and some rulings of the court upon evidence, to which defendant reserved exception, are now assigned as error.

B. M. HUEY, POWHATAN LOCKETT and W. L. BRAGG, for appellant.

BROOKS & HARALSON, and WALTHALL, contra.

BRICKELL, C. J.—1. The case presents but a single material question, the decision of which, rests on undisputed facts, or those about which there is but little conflict in the testimony. The question is, whether there was a partnership between the appellants, and the Stollenwercks, when the contract on which suit is founded, was made; and the making of the contract was within the scope of the partnership. The definition of a partnership, adopted by this court, from approved elementary writers, is, "a voluntary contract, between two or more persons, for joining together their money, goods, labor, and skill, or either, or all of them, upon an agreement that the gain or loss shall be divided proportionally between them." White v. Toles, 7 Ala. 569. A community of loss and profit, is the test of a partnership, even when the dispute is between the partners. Moore v. Smith, 19 Ala. 774; Emanuel v. Draughn, 14 Ala. 303. Applying this definition and test to the agreement, it is conceded, the parties made, and the relation of partners was created. The subsequent conduct of the partners—the joint sales of the merchandise purchased, and the division of the profits to the several partners, in the proportion of the funds they severally contributed, is conclusive that they so recognized and construed the agreement they had entered into, and on which they transacted business.

2. The business for which the partnership was formed, was the buying and selling of merchandise. It was a trading or commercial partnership. In such partnerships, one partner may borrow money, in the name, and on the credit, of the firm, by note, bill or otherwise, and all will be liable. Am'n.

[Webster *v.* Singley.]

Lead. Cases, 546. This would be true, even though the partner should misappropriate the money. In this case there is no room for doubt, that the money borrowed was properly appropriated for partnership purposes. Indeed, so far as a recovery appears to have been had, the money is incontrovertibly shown to have been used in purchasing salt, which formed part of the common stock, and the proceeds of the sales of which swelled the amount divided among the partners.

On the settlement of this partnership, a sum of money was left in the hands of the partner who had borrowed the money, to pay the debt to the appellee. On these indisputable facts, it is manifest the appellee was entitled to a recovery. We do not notice in detail the various exceptions reserved. If any of them are well taken, no injury has resulted to the appellants, and they would not furnish cause of reversal. The judgment must be affirmed.