(113 So. 590)

**CUNNINGHAM v. STAPLES.** . (8 Div. 930.)

Supreme Court of Alabama.   June 30, 1927.

**1. Partnership** ⊚⟞56—**Acts, declarations, and conduct of business associates may furnish satisfactory proof as to their being partners.**

Though mere holding out by two or more persons as partners does not make them partners, if they did not agree or intend to form a partnership, yet acts, declarations, and conduct of business associates are competent evidence against them, and may furnish satisfactory proof, that they are partners.

**2. Partnership** ⊚⟞53—**Evidence held to sustain finding of existence of partnership.**

In suit to dissolve and settle an alleged partnership and for an accounting, evidence held to sustain finding that partnership existed between complainant and respondent for prosecution of business in which they were engaged.

**3. Partnership** ⊚⟞12—**Partnership agreement must include both sharing of profits and losses.**

Agreement for partnership must include sharing of both profits and losses of business without which partnership cannot exist.

**4. Partnership** ⊚⟞12—**Express stipulation for sharing of losses is not necessary in partnership agreement.**

Express stipulation for sharing of losses is not necessary in partnership agreement, though agreement therefor is essential element of such relationship.

**5. Partnership** ⊚⟞22—**Agreement to be equal, partners contributing equally to capital, and dividing profits, held to constitute "partnership agreement."**

Agreement to form partnership as equal partners to contribute equally to capital employed in the business, to jointly acquire property necessary, giving all of their time and skill to business, and to divide profits equally, held to constitute a "partnership agreement."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Partnership.]

---

⊚⟞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**6. Partnership ⬥⟹22—Law relating to contracts held inapplicable to agreement entered into before it became operative (Code 1923, § 9372).**

Code 1923, § 9372, which did not become operative as law until Code became effective on August 17, 1924, relative to implied agreement for division of losses from agreement to divide profits, *held* inapplicable to contract entered into the summer of 1924 before law became operative.

Appeal from Circuit Court, Jackson County; W. W. Haralson, Judge.

Bill in equity by John L. Staples against John P. Cunningham. From a decree for complainant, respondent appeals. Affirmed.

The bill of complaint is filed by the appellee, Staples, to dissolve and settle an alleged partnership between the complainant and the respondent, Cunningham, with an accounting to ascertain what balance is due from Cunningham to Staples.

The bill charges that these parties formed a copartnership in December, 1923, for the manufacture and sale of lime; that each was to contribute an equal amount of capital for the erection of a plant and the leasing of ground, and to pay an equal amount of the expenses; that each was to contribute his time and attention to the business on an equal basis; and that they were to be equal partners in all respects.

Respondent answered, averring that the arrangement between them for the prosecution of the said business contemplated the formation of a stock company; that complainant was to advance the money (about $8,000) for leasing the property and constructing a kiln, and respondent was to furnish one-half of that amount, so that each would be a half owner of the business, provided respondent was able to raise the money by a sale of his farm.

The answer admits that the parties jointly leased for 20 years a tract of land containing lime rock; that they proceeded to purchase and erect the necessary equipment and buildings for a kiln; that complainant put into the plant about $12,000, and respondent put into the business mules and wagon and tools, and office equipment valued at $525; that the plant began operations in the summer of 1924, and continued to be operated by the parties until the summer of 1925; and that each of the parties gave their time, talent and energy to the manufacture of lime. But respondent denies that any partnership was formed between him and complainant, as charged, and avers that his obligation to contribute one-half of the capital was conditioned upon his ability to raise the money by selling his farm, which he never succeeded in doing.

The evidence on the question of partnership, vel non, was in dispute, but the trial court found that there was in fact a partnership as charged in the bill, and decreed that it be dissolved, and ordered an accounting, as prayed.

An accounting was duly held by a special register, who reported that the respondent was due to the complainant the sum of $7,180.27. There were no exceptions to this report, and it was confirmed by final decree for complainant.

Respondent appeals from the decree granting relief.

Spragins & Speake, of Huntsville, for appellant.

To create the relation of partners, the parties must bear the burden of losses, and the agreement must contemplate that they share the losses as well as the profits. It is possible for persons to be partners as to third persons and bound as partners as to them, and not partners as between themselves. Wash. & C. R. Co. v. Stallworth, 20 Ala. App. 554, 103 So. 603; Peck v. Lampkin, 200 Ala. 132, 75 So. 580; Orman v. Wilson, 203 Ala. 333, 83 So. 57; Orr v. Perry, 16 Ala. App. 658, 81 So. 150; Heller v. Berlin, 208 Ala. 640, 95 So. 10; Zuber v. Roberts, 147 Ala. 512, 40 So. 319; Tayloe v. Bush, 75 Ala. 432; Watson v. Hamilton, 180 Ala. 3, 60 So. 63; Goldsmith v. Eichold, 94 Ala. 116, 10 So. 80, 33 Am. St. Rep. 97.

Proctor & Snodgrass, of Scottsboro, for appellee.

An agreement to divide profits implies an agreement to divide losses. Code 1923, § 9372; Fred Gray Co. v. Smith, 214 Ala. 606, 108 So. 532; 30 Cyc. 380; Fourth Nat. Bank v. Altheimer, 91 Mo. 190, 3 S. W. 858. Partnership contracts are governed by the intention of the parties, which may be manifested by the terms of agreement, their conduct, or surrounding circumstances. 20 R. C. L. 831; Eggleston v. Wilson, 211 Ala. 140, 100 So. 89; Alexander v. Handley, 96 Ala. 220, 11 So. 390; Rabitte v. Orr, 83 Ala. 185, 3 So. 420; Wright v. Powell, 8 Ala. 560; Peck v. Lampkin, 200 Ala. 132, 75 So. 580. Nonpayment of defendant's proportionate share of the capital stock does not affect the existence of the partnership. Pierce & Campbell v. Whitley, 39 Ala. 172. The finding below should not be disturbed unless contrary to the great weight of the evidence. Bell v. Blackshear, 206 Ala. 673, 91 So. 576.

SOMERVILLE, J. The only question presented by this appeal is upon the existence, vel non of the partnership between the parties, as charged in the bill.

[1] While it is true that a mere holding out by two or more persons as partners does not make them partners inter se, if they did

not agree or intend to form a partnership, yet the acts, declarations, and conduct or business associates are competent evidence against them, and may furnish satisfactory proof, that they are partners inter se, with another. Causler v. Wharton, 62 Ala. 358; Russell v. Hayden, 201 Ala. 517, 78 So. 871; 30 Cyc. 408.

In the instant case the complainant testified that he and respondent went into business under an agreement to contribute equal amounts of capital and personal service, and to share equally in the profits of the business. He stated that nothing was said about sharing the losses, if any were suffered.

Respondent admitted his entry into the business with complainant, and his share in its management and prosecution, but declared that his agreement was to become a partner only when he could supply his share of the capital by selling his farm which he was never able to do.

But, from beginning to end, his conduct and declarations were wholly inconsistent with any other theory than that of an already existing partnership between him and complainant in the conduct of the business enterprise upon which they had, confessedly, jointly, embarked. Respondent's own earlier view of the relationship that resulted from his agreement with complainant is made decisively apparent by his letter written on May 26, 1924, to a railroad official about a spur track for their use, in which he stated in answer to an inquiry:

"Our firm is only a partnership not incorporated; the partners are J. L. Staples and J. P. Cunningham."

[2] Our conclusion is that the evidence overwhelmingly supports complainant's version of the agreement, and confirms the finding of the trial court that a partnership existed between him and respondent for the prosecution of this business.

[3] Appellant's chief contention is that the absence of any provision in the partnership contract for sharing the losses, as well as the profits, of the business, deprives the contract of an essential element, without the existence of which a partnership could not, and did not, exist. That the agreement must include a sharing of both the profits and the losses of the business has always been the law in this state, as illustrated by a long line of cases. White v. Toles, 7 Ala. 569; Howze v. Patterson, 53 Ala. 205, 25 Am. Rep. 607; Heller v. Berlin, 208 Ala. 640, 95 So. 10.

[4] But an express stipulation for the sharing of losses has never been regarded as necessary. In Howze v. Patterson, 53 Ala. 205, 25 Am. Rep. 607, an agreement to jointly purchase, transport, and sell a lot of merchandise, and to divide the proceeds proportionately, was held to create a partnership. In McCrary v. Slaughter, 58 Ala. 230, an agreement to divide the crops jointly cultivated and produced, after paying the expenses, each bearing his own proportion, was held to create a partnership. Autrey v. Frieze, 59 Ala. 587, exhibits a similar contract. In Lee v. Ryan, 104 Ala. 125, 16 So. 2, an agreement for the joint operation of a saw mill—one to furnish the logs and the other to saw them, "on the halves"—was held to create a partnership. In Causler v. Wharton, 62 Ala. 358, 362, it was said:

"Neither writing, nor any other particular form need be observed in the formation of a trading or laboring partnership. Mutual consent of two or more competent minds can make this, as it can make other contracts. And, like most other contracts, it may be implied from conduct and circumstances, if significant and expressive enough to convince the mind."

In Nelms v. McGraw, 93 Ala. 245, 247, 9 So. 719, 720, it was said:

"The main question for consideration is the intention of the parties, legally ascertained; for a partnership as between the parties cannot exist unless such be their intention. The usual tests are, community of risks—mutual, though not equal participation in the profits and losses; but participation in the profits alone is not necessarily decisive proof of a partnership. * * * A person may be interested in, or receive a part of the profits of a business, without becoming a partner."

And in Tayloe v. Bush, 75 Ala. 432, quoted with approval in Zuber v. Roberts, 147 Ala. 512, 515, 40 So. 319, 320, it was declared:

"In determining whether a partnership was created, the intention of the parties is the single question for consideration."

Where a sharing of the profits is manifestly a mode of compensation merely for the use of money or property, or for services, and no community of expenses or of loss in operation is indicated, the cases uniformly hold that no partnership is created. Pulliam v. Schimpf, 100 Ala. 362, 14 So. 488.

[5] In the instant case, the agreement, as we find from the evidence, was to form a partnership; to be equal partners, "halvers;" to contribute equally to the capital employed in the business; to jointly acquire the property necessary; to give all of their time and skill to the business; to divide the profits of the business equally; and both parties uniformly treated the business as one of partnership. This, under the authorities cited, leaves no doubt as to the true relationship of the parties under their agreement.

[6] We are referred by counsel for appellee to section 9372 of the Code:

"An agreement to divide the profits of a business implies an agreement for a corresponding division of its losses, unless it is otherwise expressly stipulated."

This section, however, did not become operative as law until the new Code became

effective on August 17, 1924, and hence is not applicable to this contract.

It results that the decree of the circuit court must be affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and THOMAS, JJ., concur.