(130 So. 164)

## COX v. FIELDING et al.

### 6 Div. 735.

Court of Appeals of Alabama.

Oct. 7, 1930.

R. A. Cooner, of Jasper, for appellant.

J. B. Powell, of Jasper, for appellees.

BRICKEN, P. J.

Suit by appellees against appellant upon complaint with two counts; one for work and labor done, and the other on account. The pleadings were in short by consent, under the usual agreement to offer evidence as to any valid legal defense, and any matter that would avoid such defense.

The cause was tried by the court, without a jury, upon evidence taken ore tenus, and judgment was rendered in favor of plaintiffs below, from which this appeal was taken.

The only question to be decided in this case is whether the contract between the parties, which was a verbal contract, was one of hire by appellant of appellees; or whether this contract constituted a joint enterprise between the parties in the nature of a partnership. Appellees contend they were merely employed by appellant to cut the wood in question and that the amount sued for was for work and labor done in line of said employment. Appellant insists that the contract constituted a partnership.

There was but slight conflict in the evidence. Appellees contended, and so testified, that they were employed to cut cordwood and help load it on railroad cars, and appellant was to pay them $3.50 per cord for this service, which was one-half of the sales price

for the wood per cord. Also, that appellant was to haul the wood to the railroad, help load it in railroad cars, sell the wood for $7 per cord, and pay to appellees one-half, or $3.50 per cord. Appellees had nothing to do with selling the wood. Appellant testified he was to sell the wood and divide equally whatever was received.

We are of the opinion that the court ruled correctly in holding that the agreement between these parties, shown by the testimony, did not, under the law, constitute them partners. "Partnership" has been defined to be a contract of two or more competent persons to place their money, effects, labor, and skill, or some or all of them, in lawful commerce or business, and to divide profits, *and bear the loss* in certain proportions.

"A partnership is never created by implication or operation of law, apart from an express or implied agreement to constitute the relation." Watson v. Hamilton, 180 Ala. 3, 60 So. 63. To constitute the relation inter se, the contract must extend beyond a common agreement to share profits. *It must equally bind the parties to bear the burden of the losses.* Goldsmith v. Eichold, 94 Ala. 116, 10 So. 80, 33 Am. St. Rep. 97.

In the instant case no agreement to above effect was shown by any evidence in the case. There is no dispute as to appellees having performed their every duty under the contract. They complied with their part of the joint enterprise and were entitled to the compensation awarded them by the judgment of the court below. Said judgment is affirmed.

Affirmed.