(131 So. 665)

**DAY BROS., GILHAM & WINTON, Inc., v. MARSAN.**

No. 29622.

Dec. 1, 1930.

Henriques, Duchamp & de la Houssaye, of New Orleans, for appellant.

Lemle, Moreno & Lemle, of New Orleans, for appellee.

LAND, J.

On March 29, 1924, plaintiff entered into a contract with defendant, by the terms of which plaintiff agreed to pay defendant, beginning April 1, 1924, $416.67 per month for four months, or until August 1, 1924, as salary for his services in purchasing timberlands for plaintiff in Livingston parish, La., at a price not to exceed $2.50 per 1,000 feet.

Plaintiff also agreed to pay the expenses of defendant while he was out of town on this work and to allow defendant 50 cents per acre "in addition to these expenses for assistance in buying the timberlands mentioned."

In the event defendant succeeded in purchasing fifty million feet or more, within one year from April 1, 1924, plaintiff agreed to turn over to defendant, when the timber was sold or disposed of, 5 per cent. of the net profit which might be made by plaintiff on such sale or disposition.

Plaintiff also agreed to continue the services of defendant eight months longer at $416.67 per month, or until April 1, 1925, if at the end of four months from April 1, 1924, defendant had succeeded in purchasing fifty million feet of timber, on the estimate of Lemieux Brothers & Company.

The present suit has arisen from a disagreement between plaintiff and defendant, as to the proper construction to be placed upon the clause of the contract which reads as follows: "We are to pay your expenses while out of town on this work and allow you fifty cents per acre in addition to these expenses for assistance in buying the timber lands mentioned."

Plaintiff employed Joseph Weiderman, residing in the parish of Livingston, to assist defendant in the purchase of the timber, and paid Weiderman 50 cents per acre, under the representation made by defendant that it was necessary to pay Weiderman that amount.

Plaintiff paid Weiderman, with the full knowledge and consent of defendant, 50 cents for each acre of land Weiderman assisted in purchasing for plaintiff; and defendant thereafter received clandestinely from Weiderman, out of the amount paid to him by plaintiff, the net sum of $1,863.35.

In suing to recover the amount received by defendant from Weiderman, plaintiff alleges that it was the duty of defendant, its agent, to secure the services of Weiderman for the lowest possible sum, and that Weiderman was willing to perform the services in behalf of plaintiff for one-half of 50 cents per acre and did perform such services for that amount.

In answer to plaintiff's petition, defendant sets up in his reconventional demand that the 50 cents per acre allowance to him "was part of his remuneration"; that whatever sum Weiderman actually received has come out of defendant's pockets; and that plaintiff has suffered no loss or detriment at all.

Defendant prays for judgment in reconvention, recognizing his right to collect from plaintiff 50 cents per acre for assistance expense for each acre of land purchased under the contract herein sued on, and also for judgment recognizing his interest of 5 per cent. in the eventual net profit which may be derived from the land and timber purchased under the contract.

Judgment was rendered in favor of plaintiff in the sum of $1,863.35, with 5 per cent. interest from judicial demand, and for all costs. The reconventional demand of defendant was dismissed as in case of nonsuit, without prejudice to any right he may have to recover profits.

In our opinion, defendant is not sincere in alleging in his reconventional demand that the 50 cents per acre allowance to him "was part of his remuneration."

In the first place, defendant's remuneration for services is clearly fixed by the contract at a salary of $416.67 per month, and at a percentage of 5 per cent. of the net profit which plaintiff may make upon a sale or disposition of the timberlands purchased by defendant for plaintiff.

In the second place, prior to the institution of this suit, defendant denied that he had any interest whatever in Weiderman's compensation, or that he was receiving a part of same. Tr. 37, 38.

At the time defendant suggested to plaintiff that Weiderman be employed, defendant did not tell plaintiff that he was to have any interest in the compensation which was to be paid Weiderman. Tr. 36, 37.

But finally the truth came out, when Weiderman admitted that he gave defendant one-half of the commissions he had received, exclusive of $1,000 which was paid Weiderman as a compromise to avoid litigation. Tr. 34, 68.

The conduct of defendant, before this suit was brought, shows clearly that his present claim to 50 cents an acre, urged in his reconventional demand, is a mere afterthought, since his prior conduct is utterly inconsistent with defendant's claim, and with the interpretation which he now seeks to place upon the contract.

We find the judgment appealed from correct as to the amount awarded plaintiff. We approve the dismissal as of nonsuit of defendant's reconventional demand for eventual profits, as the record fails to show with any degree of certainty the amount of such profits to which defendant is entitled.

Judgment affirmed.