154 So. 530

### DONALD v. REYNOLDS.
6 Div. 446.

Supreme Court of Alabama.
April 26, 1934.

Earl McBee, of Birmingham, for appellee.

Ralph W. Quinn and Thos. J. Judge, both of Birmingham, for appellant.

THOMAS, Justice.

The complainant purchased the designated lot in Steiner's addition on June 9, 1926; the contract and lease sale being signed by J. I. Harden.

The purchase price, interest, taxes, street improvements, and interest on the several items were for the amount indicated in the decree. The purchase price payments were made largely to Harden, and only the small amount of $190 paid to appellant, Donald, personally, or his agent.

At the time of the sale and this purchase, there was an incumbrance on this and the other lots, which could have been released upon the payment of $750 per lot, but which was not paid as to the instant lot by Harden or by Donald.

When appellee made the last payment on this contract to Donald's Fairfield office, an abstract was sent to him by Donald or his agent on or about March 19, 1931, in compliance with the provisions of the instant sales contract executed by Harden.

In the letter transmitting the abstract was the statement: "As soon as you have had the title passed on please notify us and we will prepare the deed to you." This deed was required to be executed by Harden and Donald, and was written by Donald Real Estate & Insurance Company, Inc., by R. Maxwell, bookkeeper. Dr. Donald's evidence indicated that Harden's office kept the record; that collections of sales made were by Donald Real Estate & Insurance Company to the account of C. J. Donald and J. I. Harden. The letter transmitting the abstract called for passing on the sufficiency of the abstract and a report. There was no error in introducing in evidence these material and pertinent documents. The evidence tended to show that appellant agreed with appellee or his attorney to prepare the deed and execute same and to procure a release from the Tutwiler Investment Company of the superior lien of its mortgage. There were other tendencies of evidence of ratification and of agency as affecting the Harden sales contract to appellee and payments thereon, and liability for a due and proper execution thereof and the investment of appellee with a good and merchantable title. Dr. Donald testified that the lot in question had not been released from the Tutwiler mortgage at the time of this trial.

The execution of the contract to sell the land free of incumbrance by Harden, the failure to disclose the incumbrance by the respondents, and the receipt of the purchase money by Harden and by Donald, without disclosing the existence of a superior and prior incumbrance thereon, given by the vendors, constituted actionable deceit which justified the recovery of the purchase price and interest. Corry v. Sylvia Y Cia, 192 Ala. 550, 68 So. 891, Ann. Cas. 1917E, 1052. Under the facts of the case, rescission and the establishment in equity of a lien upon the interest of the vendors' property here involved and sold to complainant, and which was subject to the Tutwiler mortgage when the sale was made and when the trial was had, were the rights of

complainant. West v. Holman, 223 Ala. 114, 134 So. 667; Younge v. Harris' Adm'r, 2 Ala. 108, 111; Read v. Walker, 18 Ala. 323, 332; Bullen v. Trulove, 224 Ala. 677, 141 So. 671. This is true, notwithstanding constructive notice given to the purchaser by virtue of a recordation of the superior mortgage and incumbrance on the title. Drake v. Nunn, 210 Ala. 136, 97 So. 211.

▮ In rescinding a contract for the sale of lands, at the instance of the purchaser, the court may decree a lien on the land in his favor for the purchase money paid (McWilliams v. Jenkins, 72 Ala. 480; Aday v. Echols, 18 Ala. 353, 52 Am. Dec. 225; Hunt v. Jones, 203 Ala. 541, 84 So. 718); this was the extent of the lien declared.

▮▮ Both partners are liable in a suit for purchase money on account of deceit and fraud on the part of one partner in the sale of real estate. Rovelsky v. Brown & Smith, 92 Ala. 522, 9 So. 182, 25 Am. St. Rep. 83. The representations by Harden, or by his agent with authority to sell and who did sell without disclosure, bind Dr. Donald on his ratification, though the latter made no such misrepresentation as to the condition of the title. Waters v. Blackmon, ante, p. 462, 153 So. 739.

▮▮ The bill as last amended contains equity to permit the recovery of the purchase price and a lien to secure same on account of the averment that the respondents are not solvent (Read v. Walker, 18 Ala. 323; Federal Land Bank of New Orleans v. Davis [Ala. Sup.] 152 So. 226); and the court's decree will be sustained on this ground because this averment is of matter peculiarly within their knowledge, and is not denied, except by a general denial which is equivalent to an admission of the truth thereof (Moog et ux. v. Barrow et al., 101 Ala. 209, 13 So. 665; Penney v. McCulloch, 134 Ala. 580, 33 So. 665; Gamble v. C. Aultman & Co., 125 Ala. 372, 28 So. 30; Prestridge v. Wallace, 155 Ala. 540, 46 So. 970).

▮ The proof of establishment of a partnership inter sese and establishment of a partnership as to third parties is different. In the latter it is only necessary to show the right to participate in profits. Shackelford v. Williams, 182 Ala. 87, 62 So. 54; Watson v. Hamilton, 180 Ala. 3, 60 So. 63; McDonnell v. Battle House Company, 67 Ala. 90, 42 Am. Rep. 99.

It is further established that, in a suit against partners and a partnership, the plaintiff does not have to prove the partnership unless the same is denied by special verified plea; and this was not done in this case. Guin v. Grasselli Chemical Co., 197 Ala. 117, 72 So. 413. However, the tendencies of evidence are sufficient to warrant the holding of such trading relation of dividing the profits and taking the losses. Section 9372, Code; Cunningham v. Staples, 216 Ala. 531, 113 So. 590.

▮ The decree and finding of the trial court in equity was on a hearing ore tenus. It will not be set aside by this court on review, unless it is contrary to the great weight of the evidence, plainly erroneous, and manifestly wrong and unjust. Grayson v. George, 226 Ala. 106, 145 So. 427, and many authorities.

▮ In an action to recover purchase money paid on account of deceit and fraud, the statute of frauds (Code 1923, § 8034) is no defense. Flinn v. Barber, 64 Ala. 193, 199; Nicolopoolos v. Hill, 217 Ala. 589, 117 So. 185, 59 A. L. R. 185.

[▮ The sales contract was executed by Harden, a joint owner, and the other joint owner ratified the same by the acceptance of a substantial part of the purchase price under the contract as made by Harden, and undertook the performance of its conditions, which was the same as a ratification of said contract, and after such ratification is binding upon him as though he had joined in the execution in the first instance, or expressly authorized the other to sign for him. Whitfield v. Riddle, 78 Ala. 99, 105; Drake v. Nunn, 210 Ala. 136, 97 So. 211; West v. Holman, 223 Ala. 114, 134 So. 667; Waters v. Blackmon, supra; Wood Lumber Co. v. Greathouse, 226 Ala. 644, 148 So. 125. Both parties are bound by the duty to disclose to the purchaser the superior incumbrance and material facts that entered into the transaction (Drake v. Nunn, supra; Metropolitan Life Ins. Co. v. James [Ala. Sup.] 153 So. 759 [1]); this was not done by the partner Harden, and binds Dr. Donald, though he made no such representations.

The record of such incumbrance, accessible to such a purchaser, is not a fact "so open to' common observation" as to place the parties (presently contracting) in equal positions of knowledge and responsibility, where the lands are sold free of incumbrance. Drake v. Nunn, 210 Ala. 136, 140, 97 So. 211. That is, the rule of constructive notice by recordation is no defense to a suit to recover purchase money when the vendor does not truthfully disclose the fraudulent fact of an existing incum-

---

[1] Ante, p. 383.

brance on the land. The fact that the land was sold free of incumbrance relieves the vendee of the duty and, we may say, of the necessity of examining the record title. The theory of this constructive notice has no application in a case where the vendor has contracted to pass a merchantable title to the vendee. This serves to distinguish the present case from Michie v. Nebrig, 223 Ala. 175, 134 So. 665, and to bring it fairly within the rule stated in Drake v. Nunn, supra.

The decree rendered by the trial judge was in accord with the proved facts and the law having application, and is affirmed.

Affirmed.

All the Justices concur.

