167 So. 332

**CRAFT v. KING.**

6 Div. 827.

Supreme Court of Alabama.

April 9, 1936.

Farris Batson, of Bessemer, and G. P. Benton, of Fairfield, for appellee.

H. H. Sullinger, of Bessemer, for appellant.

FOSTER, Justice.

The complainants filed a bill in equity for the purpose of having an exchange of real estate rescinded on account of fraud.

The respondents had conveyed to complainants a certain lot upon which they all thought there was situated a house in which, they lived. They had bought the lot with that understanding, and exchanged it to complainants with the same thought, and did not resist the rescission, as sought in the bill. In making the exchange respondents had paid complainants $750 in cash, which they were due to account to respondents on such rescission. The court found that complainants had certain set-offs, and they were credited with the amount of them, and a balance was fixed at $364.50. The court decreed a rescission, and revested in each party the title to their lots as it existed prior to the exchange, and ordered possession restored to each.

The decree that fixed the amount of $364.50 as due respondents by complainants, and ordered execution, did not decree a lien on the property for its security nor make its payment a condition precedent to revesting the title.

An execution was issued and levied on the property which was restored to complainants. Complainants then claimed it as a homestead exemption. On a contest of that claim the court held and decreed that it was not exempt, and from that decree this appeal is prosecuted. The exemption is only available against debts contracted. Section 205, Constitution; section 7882, Code; Erlenbach v. Cox, 206 Ala. 298, 89 So. 465.

The claim of respondents for which the decree was rendered was in no sense contracted by complainants. It was required by the court to be paid upon the principle that equity will grant relief only on condition that complainants will pay this amount, and the money should have been paid into court before relief was granted, Miller v. Louisville & Nashville R. Co., 83 Ala. 274, 4 So. 842, 3 Am.St. Rep. 722, or a lien on the property declared, Scott's Adm'r v. Griggs, 49 Ala. 185, 190, 191; Hunt v. Jones, 203 Ala. 541 (4), 84 So. 718; McWilliams v. Jenkins, 72 Ala. 480; Donald v. Reynolds, 228 Ala. 513, 154 So. 530. It is, as here decreed, in the nature of a trust, as to which no exemption is allowed, Kimball v. Cunningham Hardware Co., 201 Ala. 409 (6), 78 So. 787, or liability as for a devastavit, Dangaix v. Lunsford, 112 Ala. 403, 20 So. 639.

The nature of the liability determines this question, and not the mere rendition of a personal judgment. After complainants have had the title to the property revested in them, they hold the amount due to be refunded as a trustee. Rankin v. Dean, 157 Ala. 490, 47 So. 1015; Bay Minette Land Co. v. Stapleton, 224 Ala. 175, 139 So. 342.

Although the decree did not require its payment as a condition precedent or fix a lien to secure it, one or the other of which should have been done, the character of the liability was not affected by such failure. It is not a debt contracted against process to collect which a homestead is exempt.

We think the decree on the contest was without error, and it is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ.; concur.