79 So.2d 8

### Mrs. G. M. STEELE et al.

### v.

### Clifford A. STEELE.

### 7 Div. 249.

Supreme Court of Alabama.

March 24, 1955.

354.

Jos. C. Kellett, W. M. Beck, Fort Payne, for appellee.

Scott, Dawson & Scott, Fort Payne, for appellants.

GOODWYN, Justice.

Appeal from decree overruling demurrer to bill in equity seeking a partnership settlement.

The allegations of the bill material to the questions presented on this appeal are as follows: That in February, 1946, complainant and respondents "entered into a partnership for the purpose of conducting and carrying on the business of selling and hauling fertilizer, seed, feeds, cement blocks, and slag"; that the partnership name was "Mrs. G. M. Steele and Sons" and that "the principal place of business of said partnership was Ider, Alabama"; that complainant "and each respondent were equal partners and that they agreed to share equally in the profits of the partnership business"; that complainant "borrowed money along with the respondents to expand the partnership business; that said money was borrowed in the partnership's name and was later repaid"; that complainant "invested large sums of money in said partnership and that he placed additional money out of his own pocket in said partnership business after said business was organized and after the

aforementioned loan was paid off"; that said partnership "made a profit of over Ten Thousand Dollars ($10,000.00) the first eleven (11) months, and that it has shown a greater profit every year since, i. e., 1946"; that complainant "is a disabled veteran and that he is in poor health; that he worked in the partnership business from its formation until about, towit, December, 1946, when it was necessary for him to enter a government hospital for treatment"; that complainant "was a patient in said government hospital from December, 1946, until May, 1948, when he was released and returned home to Ider, Alabama, and resumed work in said partnership business"; that during complainant's stay in the hospital "he sent his two partners large sums of money to be deposited and used in said partnership"; that in February, 1949, "it was necessary for complainant to return to the hospital and that he has been and still is in a tuberculosis sanatorium, since that time"; that "said partnership has netted over Ten Thousand Dollars ($10,000.00) a year profit since its formation in February, 1946"; that complainant "has not received any part of said profits"; that "the partnership agreement was that he would receive one-third of the profits, but that he has not received any money out of said partnership"; that complainant has demanded an accounting but that "the respondents, his partners, refused and that the respondents have fraudulently conspired to deprive him of his just division of the profits"; that "the respondent, H. V. Steele, has fraudulently misappropriated the partnership money for his own use and enjoyment"; that "the assets of said partnership include two warehouses, an office, six trucks, and other equipment and merchandise * * * located at Ider, DeKalb County, Alabama"; that Mrs. G. M. Steele, one of the respondents, is complainant's mother and that H. V. Steele, the other respondent, is complainant's brother; that complainant "has tried to work out an amicable dissolution of said partnership, but that his mother and brother, the respondents, have refused to make a reasonable offer of settlement or dissolution"; that respondents "have wrongfully and fraudulently converted partnership assets to their own use and enjoyment, and have refused to make an equitable division of said assets."

The prayer of the bill is for a decree "requiring the respondents to account for the assets of the partnership under their control or in their possession and to account for all moneys received by them and used by them individually belonging to the partnership" and also "determining the interest of the complainant and respondents in and to said partnership". It is further prayed that a decree "be entered in favor of complainant against said respondents for any sums which may be found by the court to be due him"; and that the court "order a sale of the assets of said partnership and that the proceeds thereof be divided between the complainant and respondents according to their respective interests, after the payment of debts of said business". There is also a prayer that respondents, and each of them, be required to answer certain interrogatories attached to and made a part of the bill of complaint, it being averred that "the facts and information sought to be established by the answers to the interrogatories attached to this bill, are material and indispensable to complainant in the prosecution of this, his suit, are within the knowledge of the other parties and that complainant cannot make proof of the facts alleged in said bill as to which discovery is sought any other way than by respondents' answers." There is also a prayer for general relief.

Appellants' insistence is that the bill is defective in two respects, as follows:

I. "The failure of the bill to aver with sufficient certainty facts which would constitute the parties partners".

II. The bill prays for an accounting but does not pray for dissolution of the partnership; that there can be no accounting without a dissolution.

While the bill could be more specific in its averments with respect to the claimed defects, we are constrained to hold that

it is sufficient under our cases to withstand the stated grounds of demurrer.

## I

The argument in support of this ground is that to constitute a partnership there must be an agreement to share the losses of the business as well as the profits; that although the bill avers that the parties agreed to "share the profits" there is no averment that they agreed to "share the losses"; and that failure to so aver renders the bill defective.

■■■■■ In answering a similar objection to the bill in Copeland v. King, 224 Ala. 160, 161, 139 So. 221, 222, this court said:

"It is earnestly insisted by appellant that the averments of the bill do not show that there existed between the appellant and appellee a partnership in fact; that, inasmuch as the agreement set up as having been entered into by them did not provide for a community of losses as well as profits, there was no partnership in fact. In support of this contention, the case of Heller v. Berlin, supra [208 Ala. 640, 95 So. 10], is cited. We are also of the opinion that, to create a partnership inter sese, there must be a sharing in the burdens; the losses, as well as in the profits, accruing. But, we do not agree with counsel for appellant that the bill in this case is defective for the failure to aver that there was an express agreement between the parties to share the losses. This would be implied; that is to say, an agreement to divide the profits of a business implies an agreement for a corresponding division of its losses, unless it is otherwise expressly stipulated.

"* * * Under section 9372 of the Code [1923; Code 1940, Tit. 43, § 30], unless it is otherwise expressly stipulated, an agreement to share in the profits of a business implies an agreement for a corresponding division of the losses.

"There is nothing in the agreement alleged to have been entered into between appellant and appellee to remove this case from the influence of the above-cited statute. It therefore follows that the agreement entered into between appellant and appellee constituted a partnership between the parties, with all its incidents. The bill contains equity, and is not subject to the demurrer interposed thereto."

On authority of Copeland v. King, supra, we hold that the bill is not defective in failing to aver an agreement to share the losses of the partnership business. See also Ard v. Abele, 226 Ala. 611, 612, 148 So. 318.

## II

■■■■■ It is said in appellants' brief that the bill "is unique in that it prays for accounting, even a sale of property, but does not pray for dissolution." The question, then, is whether the bill is sufficient as one seeking a dissolution of the partnership. It seems to us that what was said in Hunter v. Parkman, 259 Ala. 596, 597, 67 So.2d 797, 799, is of controlling influence here, viz:

"It was noted on both former appeals that the bill did not seek a decree dissolving the partnership. * * * It was also said that the bill was not without equity. Of course there can be no partnership settlement until there is a dissolution of the partnership. The bill seeking the appointment of a receiver and a settlement of the partnership with a prayer for general relief as here will be treated as one seeking a decree of dissolution necessary to be made before the settlement is made. The court should make a decree dissolving the partnership, and then refer the cause to a special master to hold a reference and state the assets and liabilities of the partnership and the account of each partner with the partnership, showing whether he owes the partnership or it owes him over and above his liability to it on any account."

■ We also quote the following from Ard v. Abele, supra, as being appropriate to the case under review, viz:

"We construe the bill as sufficiently disclosing the formation and operation of a partnership, and the exclusion of complainant by defendant from further participation therein, justifying a decree of dissolution and accounting. Such relationship, under these circumstances, entitles complainant to an accounting and settlement of the partnership business as an independent equity, regardless of the nature of the account, whether simple or complicated. * * *"

It follows that the decree appealed from is due to be affirmed. It is so ordered.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and MAYFIELD, JJ., concur.