309 So.2d 112

**In re Lee M. COLVIN**

v.

**LEE TURZILLO CONTRACTING CO., a corporation.**

**Ex parte LEE TURZILLO CONTRACTING COMPANY, a corporation.**

**Civ. 460.**

Court of Civil Appeals of Alabama.

Feb. 26, 1975.

Johnston, Johnston & Kendall, Mobile, for appellant.

Cunningham, Bounds & Byrd, Mobile, for appellee.

BRADLEY, Judge.

This is a workmen's compensation case.

Review by certiorari is sought in this court of a judgment rendered in the Circuit Court of Mobile County adjudging plaintiff below to be totally and permanently disabled.

Respondent filed a complaint in the Mobile County Circuit Court alleging that on November 11, 1971 he was injured while on the job as an employee of petitioner, and, as a result of that injury, is totally and permanently disabled. Petitioner answered the complaint and admitted that respondent was an employee, that both were subject to the workmen's compensation laws, that it had notice of the accident and that respondent was earning about $200 a week prior to the injury. Petitioner neither admitted nor denied that respondent had an accident, but denied that respondent had suffered permanent injury as a result of the accident.

The case was tried before the court sitting without a jury and a judgment was rendered finding respondent totally and permanently disabled and awarded compensation commensurate with that finding.

Petitioner's major contention before this court is that there is no evidence to support the trial court's finding of total and permanent disability.

The principle is well settled in this State that in workmen's compensation cases the reviewing court does not consider the weight of the evidence supporting a fact or facts found by the trial court but only ascertains whether or not there is any evidence to support the fact so found. Kroger Company v. Millsap, 280 Ala. 531, 196 So.2d 380; Dale Motels, Inc. v. Crittenden, 50 Ala.App. 251, 278 So.2d 370.

The trial court found as a fact that respondent was an employee of petitioner and while in and during the course of such employment received an injury to his back that prevents him from doing physical labor of any kind and thereby totally incapacitates him from engaging in the trade of ironworker.

The evidence revealed that respondent was sixty-six years old at the time of his injury and had been an ironworker for about thirty-five years. His education consisted of formal education through the eighth grade, an apprentice school for aircraft mechanics, and schooling in reading blueprints of engines.

He stated that from 1939 to 1967 he had been continuously engaged in the steelworking business. In 1967 while on a job in Brewton, Alabama he received an injury to his back, for which he was unable to work for fourteen months. After this period of time he returned to work as a steelworker and worked until November 13, 1971, when he received another injury to his back.

On November 13, 1971, while working as a steelworker for petitioner on a job in Mobile, he got stuck in the mud around a piling site where concrete was being poured and, when he was pulled from the mud bog, he felt a severe pain in his lower back. He reported this to his foreman who advised him to just take it easy for a day or two, that the job was about complete. His foreman later directed him to Drs. Oswalt and Rouse where he received treatment for his back ailment. After this treatment, the doctor suggested that he try to work, but though he tried, he was unable to do so. The bending, walking and carrying of heavy loads required of a steelworker caused his back to hurt so much that he was unable to do the work.

Respondent stated that he then saw Dr. King, then Dr. Bender, who in turn sent him to see Dr. Patton. Dr. Patton, who performed a myelogram on respondent's back, stated in a report dated March 26, 1973 that he found:

" . . . slight extradural defect at the L4–5 interspace,

. . . . It was thought that this could either be . . . spondylosis, or could actually represent a herniated disc."

In a report dated April 25, 1973 Dr. Patton further stated:

" . . . . It is possible that he could have aggravated an existing condition and it is even possible that he might get some relief from exploration and relieving the pressure on his 4th lumbar nerve root. I cannot say."

During the time from injury, i. e., November 1971, to the date of trial, i. e., July 1974, respondent testified that he made several efforts to work but could not remain on the job due to the pain from his back. He stated that after the first doctor told him to try working, he stayed on the job for two hours and had to stop. Later he tried another job tying steel and lasted two days. The next job, which was in 1973, he made it for five days and then had to quit. He says he cannot walk more than three hundred yards without his back hurting so badly he has to take aspirin, Bufferin, or quinine. He says that he cannot do anything requiring physical activity.

■ There is evidence in the record, as shown above, to support the findings of the trial court that respondent suffered a job-related injury that prevents him from following his trade. Petitioner says, however, that there is no medical evidence that respondent is totally and permanently disabled; that all the medical reports show that respondent, at most, aggravated an old injury or has a physical condition that has been brought about in part by the infirmities of age.

Respondent replies to this argument that the court is not bound by the medical testimony in arriving at the percentage of disability a person has incurred for which he may be compensated, and this court so held in Stewart v. Busby, 51 Ala.App. 242, 284 So.2d 269.

■ The main factors to be considered by the trial court in deciding that a person is totally disabled for workmen's compensation purposes are his inability to perform his job or his inability to obtain reasonably gainful employment, not that he is absolutely helpless or completely disabled. Brunson Mill Co. v. Grimes, 267 Ala. 395, 103 So.2d 315.

■ There is evidence to support the trial court's findings that respondent could not, due to his injury, continue working as a steelworker, the only trade he really ever had, and that he was not, due to age and education, likely to be successfully retrained for another job. The court did not err in finding respondent totally and permanently disabled.

Petitioner also argues that the trial court erroneously failed to require the respondent to produce his income tax returns for the years 1971, 1972 and 1973 as requested by him and as ordered by the court.

On April 16, 1974 petitioner filed a motion to require the respondent to produce for inspection his 1971, 1972 and 1973 Federal Income Tax returns. On April 24, 1974 the motion was denied. Pursuant to proper motion the April 24, 1974 order was set aside and an order entered requiring respondent to produce the requested income tax returns.

Respondent did not produce the tax returns as requested and during the trial petitioner's counsel informed the court that the returns had not been produced, but nowhere in the record does it appear that petitioner objected to the trial of the case in the absence of the tax returns nor was any procedure invoked prior to, during, or after the trial to compel the production of the requested documents. Furthermore, no issue of this failure on respondent's part to produce the documents as ordered was raised in the motion for new trial. Error is asserted for the first time on appeal.

■ Ordinarily, a trial court's judgment cannot be reversed except for some

erroneous ruling that prejudices the substantial rights of the party contesting the validity of the judgment. Rosen v. Lawson, 281 Ala. 351, 202 So.2d 716. Here, in the case at bar, the court granted the request of petitioner and ordered respondent to produce the income tax returns. Should the respondent not comply with the order to produce, what is the next step and who takes it in order to assure compliance with the previous order to produce? We do not think the trial court is the one called on to act first. It did what petitioner requested. And, it would appear that if petitioner wanted the order enforced, it would request of the trial court the proper relief called for in such circumstances. See Rule 37, Alabama Rules of Civil Procedure. We conclude that no ruling of the trial court has been presented requiring our review.

No reversible error having been argued, the judgment of the trial court is affirmed.

Affirmed.

WRIGHT, P. J., and HOLMES, J., concur.