This is a workmen's compensation case.
The trial court rendered a decree in favor of the employee and the employer appeals.
The employer in an excellent brief contends the trial court erred to reversal in allowing the testimony of an "expert" witness to be introduced into evidence. Additionally, the employer contends that the trial judge did not make a sufficient finding regarding the employee's "loss of ability to earn." *Page 1021 
 I
The employer first contends that the trial court erred in allowing Robert C. Bennett to testify as an expert witness. Mr. Bennett was allowed to testify as to the employability of the employee.
Viewing the evidence with the attendant presumption of correctness we find the following:
Mr. Bennett is the owner-manager of an employment agency and has been for some time. He is a certified employment consultant. Mr. Bennett's place of business was located in Pensacola, Florida. However, he testified his business covers employment in Alabama. Furthermore, he testified he was generally familiar with the local job market. In addition, he had in fact observed and interviewed the employee.
The employer's main thrust in connection with this aspect on appeal is that Mr. Bennett was not specifically familiar with the employment prospects in and around Butler, Alabama, and therefore, should not have been allowed to testify in the instant case.
Suffice it to say, the question of whether or not a particular witness will be allowed to testify as an expert is largely discretionary with the trial court whose discretion will not be disturbed on appeal except for abuse. Johnson v.Battles, 255 Ala. 624, 52 So.2d 702 (1951).
In view of the qualifications of the witness as set out hereinabove, we find no such abuse of discretion as to require reversal. We would further note that the qualifications of the witness falls within the standard as indicated by UnexcelledManufacturing Corp. v. Ragland, 52 Ala. App. 57, 289 So.2d 626
(1974); and Hagler v. Gilliland, 292 Ala. 262, 292 So.2d 647
(1974), and the fact that he was not familiar with the specific employment prospects of Choctaw County does not prohibit his testimony. This factor would more properly go to the weight to be accorded his testimony rather than admissibility.
We further find that Mr. Bennett was qualified, based on his knowledge of the employment industry and his interview with the employee, to state that the employee was unemployable. SeeRagland and Hagler, supra.
Despite the traditional restrictive rule that an expert witness cannot give his opinion upon an ultimate issue in a case, as alleged by employer, the modern trend is to the contrary. The rationale behind the decision forming this trend is that the expert should be allowed to give his opinion upon an ultimate issue if that will aid the trier of fact in its decision. The courts in Alabama have stated that even though a question propounded to an expert witness will elicit an opinion from him concerning a material issue in the case, such is not sufficient to render the question improper. See Life andCasualty Insurance Co. v. Bell, 235 Ala. 548, 180 So. 573
(1938); Gamble McElroy's Alabama Evidence § 127.01 (5) [3d ed.].
The above is further supported by the general rule that an expert opinion is not conclusive on the trier of fact even if the testimony was uncontroverted. Furthermore, the weight and credibility to be attributed to an expert witness is for the trier of fact. See Stewart v. Busby, 51 Ala. App. 242,284 So.2d 269 (1973); 9 Ala. Digest Evidence 568 (1), 570.
Additionally, we find no error in the hypothetical question propounded to the witness. The employer contends that the question in issue did not contain sufficient facts. This court, speaking through Presiding Judge Wright, held in Clutts v.Clutts, 54 Ala. App. 43, 45, 304 So.2d 599, 601 (1974) that:
 "A hypothetical question is not objectionable merely because it does not contain all facts in evidence which might tend to affect the answer. If it contains sufficient facts from which an opinion may reasonably be formed it is sufficient as against objection. The sufficiency of a hypothetical is a matter largely within the discretion of the court. Facts not included in the hypothetical are available for cross-examination and attacking the *Page 1022 
credibility or reliability of the opinion stated. . . . " [Citations omitted.]
A review of the record clearly reveals to this court that sufficient facts, either in evidence at that time or later admitted, were assumed in the hypothetical question to fairly justify the formation of an opinion. In any event, we cannot say in this instance, that the admission of the hypothetical question and the answer thereto was such an abuse of discretion by the trial judge so as to require reversal in that this situation falls within the purview of Hagler v. Gilliland,supra. See also Gamble, McElroy's Alabama Evidence § 130.01 [3d ed.].
 II
The employer next argues error in that the trial judge failed to make a specific finding of loss of ability to earn.
The trial judge's decree reads in pertinent part as follows:
 "The Court finds that the plaintiff has suffered 100% total disability to the body as a whole as a result of his injury and while he is not 100% physically impaired, he is without a doubt permanently totally disabled to engage in his occupation as an edger operator, sawmill worker or laborer."
The scope of review of appellate courts in workmen's compensation cases is limited to the determination of whether there is any legal evidence to sustain the conclusion of the trial court. See Colvin v. Lee Turzillo Contracting Co.,54 Ala. App. 401, 309 So.2d 112 (1975).
We find the above decree to be supported by the evidence. The decree reveals that the employee is 53 years old; has less than a first grade education and cannot read or write except to sign his name. The employee is an unskilled laborer and has been one most all his life. The decree, and the evidence supporting it, further reveals that the employee injured his back on the job and can no longer lift heavy objects. Due to this injury, the employee is under restrictive medical instructions in that he cannot stand for a prolonged period of time nor can he bend or squat.
As noted above, the employer argues that the finding of the court does not exclude the possibility that the employee could find gainful employment. Put another way, the trial court erred in failing to make a specific finding of a loss of ability to earn. We cannot agree.
This court, under similar if not identical circumstances as we have in this case, approved the above finding by the trial court. See Edwards v. City of Huntsville, 49 Ala. App. 498,273 So.2d 475 (1973). We do so again in this instance.
The trial court is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.