This is a divorce case.
On July 24, 1980 Bobbie Dean Tidmore Dutton filed for a divorce from her husband, Miles Carl Dutton. For most of their married lives, the Duttons had been active in running a trucking business known as Dutton Trucking Company. Both the husband and the wife had been involved in the business at its inception with various other family members playing a role as the business grew. Somewhere around 1963 Charles Dutton, brother of Miles Carl Dutton, took over the management of one of the company's Alabama terminals. Later, around 1970 Nelson D. Gary, son-in-law of the Duttons, moved to Indiana to manage an aspect of the operation there. Based on their roles in the business, Charles Dutton, Nelson D. Gary, and his wife, Janet Dutton Gary, who is the daughter of Miles Carl Dutton and Bobbie Dean Tidmore Dutton, sought to intervene, claiming that the trucking company was a partnership and that partnership assets were involved in the divorce.
After an ore tenus hearing concerning the divorce and the petitions for intervention, the trial court issued a December 16, 1981 order granting a divorce to the Duttons and finding that the trucking company was a partnership. The husband was ordered to pay $1,000 per month alimony, and the couple's property was divided. Subsequently, the court issued an amended decree reducing the alimony payments to $500 per month. Concerning the partnership aspects of the case, the court said:
 "Additionally, in order to bring to an end any confusion on the part of the intervenor, and the possible misconception as to the naivety of this court, it might be well to point out that the partnership, although promised many years before, was not created until the 16th day of December, 1981."
Following the issuance of the amended order, Miles Carl Dutton, Charles Dutton, and Nelson D. Gary have appealed to this court, and Bobbie Dean Tidmore Dutton has filed a cross-appeal.
Appellant Miles Carl Dutton first attacks the trial court's decision to grant the divorce. He claims that he testified that he did not wish the marriage to end *Page 617 
and that he felt that his differences with his wife were capable of being reconciled. We note that the divorce was sought by Bobbie Dean Tidmore Dutton on the basis of incompatibility of temperament; however, the divorce was granted on the basis of irretrievable breakdown of the marriage. Where the evidence at trial tends to support a ground for divorce alleged in the pleadings, the trial court may properly grant the divorce on that basis. Blackwell v.Blackwell, 340 So.2d 448 (Ala.Civ.App. 1976). The record before us indicates that there had, in fact, been a breakdown in the marriage which could support such a finding. We also find that the differences between the parties had occurred over a number of years and that they had intensified toward the end of the marriage. Thus, the trial court properly granted the divorce.
The second dispositive issue for our consideration of this appeal concerns whether a partnership has been formed. Appellants, Miles Carl Dutton, Charles Dutton, and Nelson D. Gary, argue that the trucking company had been operated as a partnership. Bobbie Dean Tidmore Dutton, in her cross-appeal, contends that no partnership had ever been formed and that the assets of the trucking company should be divided as a part of the property settlement in the divorce case. For the reasons stated below, we find that Dutton Trucking Company was not a partnership and that it had never been so operated. A brief review of the facts concerning the formation and running of the company will be necessary to clarify this holding.
Dutton Trucking Company was started in Albertville, Alabama around 1953 when Miles Carl Dutton had difficulty obtaining work as a truck driver in that area. At the beginning both the husband and the wife were active in the business. Miles Carl Dutton brought his brother Charles Dutton into the trucking company somewhere around 1963; and, later, Nelson D. Gary became active in the operation after he married Janet Dutton (presently Janet Dutton Gary). When the business expanded beyond Alabama, the Garys were sent to Indiana to manage a terminal there.
Based on the evidence before it, the trial court concluded that the arrangement between Miles Carl Dutton, Charles Dutton, Nelson D. Gary, and Janet Dutton Gary had been based on an executory agreement to form a partnership which was not brought into existence until the December 16, 1981 decree. In essence, the court created a partnership in which the assets were owned one-third by Miles Carl Dutton, one-third by Charles Dutton, one-sixth by Nelson D. Gary, and one-sixth by Janet Dutton Gary.
This action by the trial court through which it created a partnership between the partners inter se was improper. Under Alabama law the formation of a partnership is a matter which rests on the intention of the partners. Some form of agreement to become partners must be shown, and such an agreement may be derived from expressions of the parties or from the facts and circumstances surrounding their business relationship. In Whitev. Jackson, 36 Ala. App. 643, 62 So.2d 477 (1953), the necessity of an agreement was made clear when the court stated:
 "Generally speaking a partnership inter se is a contract between two or more persons whereby funds, effects, labors or skills are to be devoted to some lawful business or enterprise. The agreement must include the understanding that the parties will share both the profits and the losses. The latter as well as the former is an essential requisite to a partnership. Watson v. Hamilton, 180 Ala. 3, 60 So. 63; Heller v. Berlin, 208 Ala. 640, 95 So. 10; Cunningham v. Staples, 216 Ala. 531, 113 So. 590; Cox v. Fielding, 24 Ala. App. 68, 130 So. 164."
Appellants argue that there is ample evidence to show that they had an agreement to run Dutton Trucking Company as a partnership. There is testimony to indicate that Miles Carl Dutton promised his brother Charles Dutton that if he would work for the company, he would be a partner. The record also shows that Miles Carl Dutton told Nelson D. Gary and Janet Dutton *Page 618 
Gary that they would be made partners if they moved to Indiana to run a terminal there. This argument, however, fails for two reasons.
First, as we have pointed out, it was held in White v.Jackson, supra, there must be some agreement between the parties to share profits and losses before a partnership can be found to exist. See Adderhold v. Adderhold, 426 So.2d 457
(Ala.Civ.App. 1983). See also Odess v. Taylor, 282 Ala. 389,211 So.2d 805 (1968); Steele v. Steele, 262 Ala. 353,79 So.2d 8 (1955). The record in the instant appeal contains absolutely no evidence that there was ever an agreement to share either profits or losses. On the contrary, the record shows that Charles Dutton and Nelson D. Gary were paid a salary for managing various aspects of the business. Miles Carl Dutton had a drawing account which he used for personal and family purposes. The record also shows that the income taxes were prepared under the assumption that Dutton Trucking Company was a sole proprietorship run by Miles Carl Dutton. All of the money which was borrowed for the business was borrowed under his name and on his credit. Thus, it was Miles Carl Dutton who had the right to take all of the profits from the business and who bore all of the risk of loss from its operation.
Second, appellants' argument ignores the fact that an executory agreement to form a partnership does not lead to a conclusion that a partnership exists. Higgins v. Higgins,266 Ala. 514, 97 So.2d 812 (1957). The trial court concluded correctly, we think, that there had been an agreement between the parties to engage in the trucking business as partners. It then concluded that the agreement had never been carried out. In light of the facts stated above which indicate that the profits and losses from the business were never split, we also think that this was a correct conclusion. However, the court committed error by stating that it brought the partnership into existence by its December 16, 1981 order. Since the parties themselves had not taken the actions necessary to consummate their agreement, the court was unable to do so in their behalf.
The next and final dispositive issue presented for our review concerns the trial court's decision to admit testimony from two expert witnesses. One of these witnesses testified as to the value of certain real estate, and the other stated an opinion on the value of trucks owned in the business. Appellants claim that interrogatories were filed with Bobbie Dean Tidmore Dutton requesting that she identify all expert witnesses she intended to call at trial. They say that she failed to respond to the interrogatories and that they objected to admission of the testimony at trial. According to appellants, it was error for the trial court to hear the testimony over their objection.
Rule 37, Alabama Rules of Civil Procedure, provides a method to deal with a failure to respond to discovery. Under its terms when a party fails to respond to interrogatories, the party propounding them may seek a court order by motion to compel response. Rule 37 (a)(2), A.R.Civ.P. It has been stated that:
 "When the discovery procedure is initially set in motion by the parties themselves without court order, the party seeking discovery must first obtain an order under Rule 37 (a) requiring the recalcitrant party or witness to make the discovery sought; it is only a violation of this order that is punishable under Rule 37 (b)." (Footnote omitted.)
C. Wright A. Miller, 8 Federal Practice Procedure: Civil § 2282 (1970). See Schleper v. Ford Motor Co., AutomotiveDivision, 585 F.2d 1367 (8th Cir. 1978). A motion for such a court order is necessary before sanctions under Rule 37 (b), A.R.Civ.P., may be imposed. See C. Lyons, 1 Alabama Practice § 37.2 (1973). See also Colvin v. Lee Turzillo Contracting Co.,54 Ala. App. 401, 309 So.2d 112 (Ala.Civ.App. 1975). We have examined the record in the instant action and find no motion to require answers to interrogatories. The record reveals that appellants failed to make any objection to the missing answers until the *Page 619 
expert witnesses were ready to testify. These objections came too late for the court to impose sanctions under rule 37 (b), A.R.Civ.P.
For the foregoing reasons the trial court's decision concerning the partnership is reversed and the cause is remanded so that the trial court can reconsider its disposition of the parties' property in light of the holding of this court as it relates to the alleged partnership. The other aspects of the judgment questioned on this appeal are affirmed.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED WITH DIRECTIONS.
WRIGHT, P.J., and HOLMES, J., concur.